2008 ND 143

**Timothy Gene KLOSE, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20070303.

Supreme Court of North Dakota.

July 21, 2008.

Chad Rory McCabe, Bismarck, N.D., for petitioner and appellant.

Frederick Russell Fremgen, State's Attorney, Jamestown, N.D., for respondent and appellee.

KAPSNER, Justice.

[¶ 1]  Timothy Klose appeals from a district court judgment dismissing his second application for post-conviction relief, arguing the district court committed reversible error by failing to grant an evidentiary hearing to address his claim of ineffective assistance of post-conviction counsel. We affirm, concluding Klose's claims for post-conviction relief are barred by res judicata and misuse of process, and Klose failed to raise a genuine issue of material fact on his claim of ineffective assistance of post-conviction counsel.

I

[¶ 2]  Klose was charged with burglary and with the murder of his neighbor, Raymond Schultes, in March 2001. Klose requested a bifurcated trial, stipulated the State had sufficient evidence to prove he killed Schultes, and waived the portion of the trial relating to the act of killing Schultes, but preserved the right to a trial on his mental state, arguing he lacked criminal responsibility. Although the district court and Klose referred to Klose's stipulation as an *Alford* plea, which is a guilty plea under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), a jury trial was held to decide whether Klose lacked criminal responsibility and was guilty of the offenses. Klose has never denied that he killed Schultes.

[¶ 3]  The State and Klose agreed that in the early morning hours of March 22, 2001, Klose forced his way into Schultes' apartment, struggled with Schultes, fired shots from a shotgun, and killed Schultes. The parties disputed the amount of time that passed between Klose's entry into the apartment and Schultes' death, whether Klose cleaned up and changed clothes in between forcing his way into Schultes' apartment and killing Schultes, and whether Klose fired one or two guns during the incident. Klose argued he was suffering from delirium tremens at the time of the killing, he was experiencing hallucinations, and his conduct was the result of either a loss or a serious distortion of his capacity to recognize reality. Klose presented expert testimony supporting his theory. The State claimed that enough time passed between when Klose first forced his way into Schultes' apartment and when Schultes was killed that Klose was criminally responsible for the murder. The jury convicted Klose of murder, but acquitted him on the burglary charge, finding that he was not criminally responsible.

[¶ 4]  Klose appealed his conviction, arguing the district court erred in denying his motion for a mistrial and his motions for a new trial because there was insufficient evidence to sustain his conviction for murder, the district court erred in admitting the State's exhibits into evidence, the court improperly communicated with the jury, and the court erred in concluding the jury did not render a compromised verdict. In *State v. Klose*, 2003 ND 39, 657 N.W.2d 276, this Court affirmed Klose's conviction, concluding the district court did not abuse its discretion in denying Klose's motion for a mistrial or his motions for a new trial, and there was substantial evidence supporting the jury's verdict.

[¶ 5]  Klose applied for post-conviction relief, arguing his trial counsel was ineffective for failing to introduce evidence Klose believed would have aided his claim that he lacked criminal responsibility. The district court held a two-day evidentiary hearing and denied Klose's application. Klose appealed, representing himself, and argued his trial counsel was ineffective for not obtaining forensic testing of some of the evidence, for failing to obtain independent testing of a second shotgun the State alleged was fired during the incident, for failing to call witnesses who would have

attacked the State's theory of how long the incident took, and for failing to show and discuss crime scene photos with Klose before trial. In *Klose v. State*, 2005 ND 192, 705 N.W.2d 809, this Court affirmed the district court's decision, concluding Klose failed to demonstrate that his counsel's representation was deficient or that a different result was probable. The review of Klose's appeal was limited because he failed to provide a copy of the transcript from the evidentiary hearing. Klose also argued he could not afford the cost of providing a transcript, but this Court refused to consider Klose's claims because he failed to properly preserve or raise the issue. *Id.* at ¶ 14.

[¶ 6] In November 2006, Klose filed his second application for post-conviction relief. Klose argued his *"Alford* plea" was a guilty plea, he did not understand he was pleading guilty, and his guilty plea was improperly handled by the district court, trial counsel, and his first post-conviction counsel; his trial counsel and first post-conviction counsel should have reviewed the case photographs with him, called more witnesses, and more effectively questioned the witnesses to support Klose's argument of how the murder occurred; his trial counsel and first post-conviction counsel should have called more witnesses in support of his claim that he was suffering from delirium tremens at the time of the murder; he should have received a transcript of his first post-conviction evidentiary hearing; and his first post-conviction counsel was ineffective for failing to provide appellate representation and for not securing a transcript for the appeal. Klose requested an evidentiary hearing. The State moved for summary disposition and dismissal.

[¶ 7] The district court summarily dismissed Klose's second application for post-conviction relief. The court concluded Klose's arguments that his trial counsel was ineffective because he failed to call enough witnesses to disprove the State's theory of how long the incident took and to support his claim that he was suffering from delirium tremens at the time of the murder were fully and fairly litigated in Klose's first application for post-conviction relief and dismissed the claims on the grounds of res judicata, and concluded any arguments based upon new witnesses are variations of the arguments made during his first post-conviction application and are a misuse of process. The court ruled Klose did not plead guilty, he only admitted he committed the act and a jury trial was held to determine his guilt; Klose knowingly and voluntarily stipulated to certain factual elements of the offenses; and it is a misuse of process to raise these issues now because they could have been raised in his motions for mistrial and a new trial, in his direct appeal, and in his first application for post-conviction relief. The court also concluded Klose was not entitled to a free transcript for his first post-conviction appeal, Klose did not object to the district court's decision not to provide a free transcript, it is a misuse of process to raise this argument now because Klose had previous opportunities to raise the issue, and to the extent the issue was raised in previous proceedings Klose's claim is barred by res judicata. The court concluded Klose's claim that he was entitled to counsel for his first post-conviction appeal was also a misuse of process because Klose did not request new counsel for his appeal after his post-conviction counsel informed him he would not be working on the appeal and Klose did not explain why he did not develop this claim earlier.

II

[¶ 8] Klose argues he should be allowed to plead and prove all claims that

could have been brought during his first post-conviction proceeding because his post-conviction counsel was so ineffective he has not received at least one substantive review of the issues relating to his conviction. Klose argues his first post-conviction counsel was ineffective because he failed to: claim that a manifest injustice had occurred and that trial counsel was ineffective because the trial court failed to substantially comply with N.D.R.Crim.P. 11; claim that a manifest injustice had occurred and that his trial counsel was ineffective because Klose's guilty plea was not knowing and voluntary, or intelligently made, and Klose did not know or understand what an *Alford* plea was and did not know or understand that he was pleading guilty to the charge of murder; claim that Klose's trial counsel failed to review the crime scene photographs with Klose; claim that Klose's trial counsel failed to effectively cross examine Donald Martin, Klose's neighbor who was a witness to the incident; claim that Klose's trial counsel failed to interview and subpoena a specific defense witness, who Klose contends would have testified Klose was still suffering from delirium tremens hours after the murder; cross-examine Martin in the first post-conviction evidentiary hearing; and provide representation and secure a transcript in Klose's first post-conviction appeal. Klose also argues a manifest injustice occurred when the court failed to provide him with representation and secure a transcript for his first post-conviction appeal.

[¶ 9] A person convicted of and sentenced for a crime may apply for post-conviction relief under N.D.C.C. § 29–32.1–01. A court may summarily dismiss an application for post-conviction relief:

> if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. We re-

view an appeal from summary denial of post-conviction relief as we would review an appeal from a summary judgment. The party opposing the motion for summary dismissal is entitled to all reasonable inferences to be drawn from the evidence and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. For summary judgment purposes, the evidentiary assertions of the party opposing the motion are assumed to be true.

*Sambursky v. State*, 2006 ND 223, ¶ 7, 723 N.W.2d 524 (citations omitted). The moving party has the initial burden of showing an absence of a genuine issue of material fact. *Wheeler v. State*, 2008 ND 109, ¶ 5, 750 N.W.2d 446. " '[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case.' " *Steinbach v. State*, 2003 ND 46, ¶ 12, 658 N.W.2d 355 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The moving party " 'must not merely 'respond' to put a petitioner on its proof; it must show the [district] court it is entitled to judgment as a matter of law in its motion for summary disposition.' " *Parizek v. State*, 2006 ND 61, ¶ 9, 711 N.W.2d 178 (quoting *Vandeberg v. State*, 2003 ND 71, ¶ 7, 660 N.W.2d 568). If the moving party shows an absence of an issue of material fact, the burden shifts to the opposing party to show the existence of a factual issue. *Wheeler*, at ¶ 5. " 'The party opposing the motion may not merely rely upon the pleadings or upon unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact.' " *Id.* (quoting *Owens v. State*, 1998 ND 106, ¶ 13, 578 N.W.2d 542). While summary dismissal generally is not appropriate for post-conviction claims of

ineffective assistance of counsel because an evidentiary hearing is required to develop the record, summary dismissal will remain appropriate if the petitioner does not raise a genuine issue of material fact. *Dunn v. State*, 2006 ND 26, ¶ 12, 709 N.W.2d 1.

[¶ 10] Section 29-32.1-12, N.D.C.C., provides the State may claim the affirmative defenses of res judicata and misuse of process as grounds for denial of a post-conviction application:

1. An application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding.

2. A court may deny relief on the ground of misuse of process. Process is misused when the applicant:

a. Presents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding; or

b. Files multiple applications containing a claim so lacking in factual support or legal basis as to be frivolous.

A misuse of process occurs:

(1) if the defendant has inexcusably failed to raise an issue in a proceeding leading to judgment of conviction and now seeks review in a first application for post-conviction relief; (2) if the defendant inexcusably fails to pursue an issue on appeal which was raised and litigated in the original trial court proceedings; and finally, (3) if a defendant inexcusably fails to raise an issue in an initial post-conviction application.

*St. Claire v. State*, 2002 ND 10, ¶ 13, 638 N.W.2d 39 (quoting *Clark v. State*, 1999 ND 78, ¶ 23, 593 N.W.2d 329) (citations omitted). Raising an issue in a second post-conviction application that could have been raised in a prior post-conviction proceeding or other proceeding is a misuse of process. *St. Claire*, at ¶ 13. "A defendant is not entitled to post-conviction relief if the contentions raised are simply variations of previous arguments." *Id.* The defendant must raise a new issue, such as the discovery of new evidence, or his application for post-conviction relief may be denied. *See id.* "Generally, the applicability of res judicata is a question of law and is fully reviewable on appeal." *Steen v. State*, 2007 ND 123, ¶ 13, 736 N.W.2d 457.

[¶ 11] The district court dismissed Klose's application, concluding his claims were barred on the grounds of res judicata and misuse of process. The court said the ineffective assistance of counsel claims should have been fully attacked in the first application for post-conviction relief and some of Klose's allegations had already been litigated.

[¶ 12] While " 'finality' must not sacrifice a criminal defendant's opportunity to have at least one substantive review of issues relating to a conviction[,] ... [w]e will not weaken the integrity of our criminal justice system by allowing manipulation, or other subterfuge, under the guise of a post-conviction application." *Clark v. State*, 1999 ND 78, ¶¶ 21-22, 593 N.W.2d 329. Klose's arguments relating to his ineffective assistance of trial counsel claim could have been raised in previous proceedings, it is a misuse of process to raise them now, and to the extent those arguments were raised in previous proceedings they are barred by res judicata. However, Klose argues he should not be precluded from bringing these claims because he did not inexcusably fail to raise these issues in prior proceedings, but rather did not raise the issues because his first post-conviction counsel was ineffective, and therefore he has not received at least one substantive

review of the issues relating to his conviction.

[¶ 13] Whether counsel is ineffective is a mixed question of fact and law, which is fully reviewable on appeal. *Klose,* 2005 ND 192, ¶ 10, 705 N.W.2d 809. This Court has recognized a petitioner may claim ineffective assistance of post-conviction counsel. *Johnson v. State,* 2004 ND 130, ¶ 17, 681 N.W.2d 769. The standard for ineffective assistance of counsel claims developed in *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), also applies to claims of ineffective assistance of post-conviction counsel, and therefore Klose must show his counsel's performance fell below an objective standard of reasonableness and the deficient performance prejudiced him. *See Johnson,* at ¶ 17. To avoid summary dismissal of an ineffective assistance of counsel claim, the post-conviction applicant must present some evidence that his counsel's performance fell below an objective standard of reasonableness, and he must overcome the presumption that his counsel's performance was within the broad range of reasonableness. *Sambursky,* 2006 ND 223, ¶ 14, 723 N.W.2d 524. "To demonstrate prejudice, the defendant must establish a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different, and the defendant must specify how and where counsel was incompetent and the probable different result." *Steen,* 2007 ND 123, ¶ 19, 736 N.W.2d 457.

[¶ 14] The State moved for summary dismissal, and had the burden of proving there was no genuine issue of material fact; however, the State presented evidence supporting its motion and established there were no factual issues, and therefore the burden shifted to Klose to present competent admissible evidence raising an issue of material fact. Klose's response included a recitation of his arguments and a reference to his petition for post-conviction relief, but he failed to present any evidence supporting his claims and raising an issue of material fact that his post-conviction counsel's representation fell below an objective standard of reasonableness or that a different result was probable.

A

[¶ 15] Klose argues his *"Alford* plea" for the murder and burglary charges was a guilty plea, he did not understand that he was pleading guilty, and the district court did not follow the procedures required by N.D.R.Crim.P. 11 when it accepted his plea. These issues could have been raised in previous proceedings, and it is a misuse of process to raise them in the second application for post-conviction relief. *See Johnson,* 2004 ND 130, ¶ 13, 681 N.W.2d 769. However, to the extent these issues are raised as part of the argument that Klose's post-conviction counsel was ineffective, the arguments are without merit.

[¶ 16] While Klose's admission was referred to as an *Alford* guilty plea, Klose did not plead guilty, but only stipulated to certain factual elements of the offenses. *See United States v. Miller,* 588 F.2d 1256, 1263–64 (9th Cir.1978) (stipulation to underlying facts is not a guilty plea); *United States v. Lawriw,* 568 F.2d 98, n. 13 (8th Cir.1977) (stipulation to facts, even a stipulation tending to establish a party's guilt, is not a guilty plea); *United States v. Brown,* 428 F.2d 1100, 1102–03 (D.C.Cir.1970) (a stipulation that the defendant committed the act, but reserving mental issue, is not a guilty plea). An *Alford* plea is a final plea of guilty, and " '[a] plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; noth-

ing remains but to give judgment and determine punishment.' " *State v. Storbakken*, 246 N.W.2d 78, 82 (N.D.1976) (quoting *Boykin v. Alabama*, 395 U.S. 238, 242–243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). After Klose's stipulation, a jury trial was held to determine his guilt, and he was acquitted of the burglary charge and convicted of murder. Klose stipulated to the factual elements necessary to prove his guilt, but preserved the right to argue he was not guilty because he lacked criminal responsibility. We conclude Klose did not plead guilty.

[¶ 17]  Moreover, even if Klose was confused about how his case was proceeding, he has not explained how his trial counsel and post-conviction counsel were ineffective for failing to raise this issue. Klose does not deny committing the murder, he only claims he was not criminally responsible for his actions. He received a jury trial to determine whether he was criminally responsible, and he has failed to explain how the result of the proceedings would have been different absent his counsels' alleged errors.

[¶ 18]  Klose argues it was improper for the district court to tell the jury, "The defendant has entered an *Alford* Guilty Plea to murder and burglary as charged in the Criminal Informations." Klose did not object to the court's statement to the jury. Although Klose claims the jury was confused by this comment and we agree the comment was improper, the court did instruct the jury that the purpose of the trial was to determine whether Klose was criminally responsible when he committed the crimes. It is clear the jury was not confused about Klose's guilt because the jury found he was not guilty of burglary, showing they understood the court's instructions and did not believe Klose had already plead guilty to the crimes. Klose was not prejudiced by the court's statement.

[¶ 19]  Klose argues the court did not comply with N.D.R.Crim.P. 11 when it accepted his stipulation. When a court accepts a guilty plea, under N.D.R.Crim.P. 11(b), it must advise the defendant of certain rights and must ensure the plea is voluntary, which includes inquiring whether the plea was the result of force, threats, or promises apart from a plea agreement. The court must substantially comply with N.D.R.Crim.P. 11(b) when it accepts a guilty plea. *Bay v. State*, 2003 ND 183, ¶ 9, 672 N.W.2d 270.

[¶ 20]  While we have concluded Klose did not plead guilty, we need not decide whether the district court was required to apply the N.D.R.Crim.P. 11(b) requirements in accepting Klose's stipulation or whether another procedure must be followed when a court accepts a stipulation to all or most of the factual elements necessary to prove guilt, because even if Klose's stipulation was a guilty plea, the court substantially complied with N.D.R.Crim.P. 11(b). The district court questioned Klose about his admission and whether it was voluntary:

> THE COURT: Now I'm going to ask you a series of questions to make sure that your two guilty pleas, the Alfred [sic] pleas, have been entered voluntarily. Are you now under the influence of alcohol or narcotics?
>
> MR. KLOSE: No, sir.
>
> THE COURT: Have any promises been made to you by the State's Attorney's Office to make you plead guilty?
>
> MR. KLOSE: No, sir.
>
> THE COURT: Is [sic] anyone threatened you to make you plead guilty?
>
> MR. KLOSE: No, sir.

THE COURT: Do you understand the nature of the charge against you and the possible maximum punishment for each?

MR. KLOSE: Yes, sir.

THE COURT: Do you understand that you have a right to plead not guilty?

MR. KLOSE: Yes, sir.

THE COURT: Do you understand that by pleading guilty, you waive your right to a trial which includes your right to a jury trial, and your right to confront adverse witnesses?

MR. KLOSE: Yes, sir.

The court found Klose's stipulation was knowing and voluntary. We conclude the court substantially complied with N.D.R.Crim.P. 11(b), and Klose's trial counsel and post-conviction counsel were not ineffective for failing to raise this issue in previous proceedings.

## B

[¶ 21] Klose argues he should have had access to crime scene photographs because he would have been able to explain the sequence of events during the murder more effectively, his trial counsel was ineffective for not discussing the photographs with him, and his post-conviction counsel was ineffective for failing to raise this issue in his first application for post-conviction relief. Klose raised this issue during his first post-conviction appeal; however, this Court refused to address the issue because Klose raised it for the first time on appeal and he did not explain how his counsel's failure to provide him with the photographs constituted ineffective assistance. Klose now claims he could have explained to his trial counsel what the photographs represented, the photographs would have refreshed his memory, and he could have more accurately explained what happened during the murder if he had access to the photographs before trial. There was testimony at trial about Klose's

theory of how the murder occurred, and there is no evidence that if Klose had been shown the photographs before trial it would have refreshed his memory or aided his defense. Klose has failed to establish his trial counsel was deficient for not discussing the photographs with him before trial and his post-conviction counsel was deficient for not raising the issue, and that it is probable a different result would have been obtained if his counsel had not performed incompetently as he alleges.

## C

[¶ 22] Klose argues his trial counsel and post-conviction counsel were ineffective because they did not cross examine Donald Martin about Martin's initial statements to law enforcement regarding how the murder occurred. Martin testified at trial and at the post-conviction evidentiary hearing about the murder, and his testimony supported the State's theory of how the murder occurred. Klose also claims his trial counsel was ineffective for failing to call a witness who could testify Klose was suffering from delirium tremens following the murder. Klose made similar arguments about other witnesses in his first post-conviction application, some of whom testified at the evidentiary hearing for his previous post-conviction application. Klose did not present affidavits from either witness supporting his current claims. It is a misuse of process to raise these issues now because they are variations of arguments that were previously made and failed, and furthermore, Klose failed to provide any evidence supporting his assertions and raising an issue of material fact. We conclude summary dismissal was appropriate.

## D

[¶ 23] Klose argues his post-conviction counsel was ineffective for failing to

represent him on appeal or secure a transcript for the appeal, and he suffered a manifest injustice because the district court failed to provide counsel and secure a transcript for his appeal.

[¶ 24] "The appointment of post-conviction counsel is not a matter of right, but rather a matter of trial court discretion." *Heyen v. State*, 2001 ND 126, ¶ 17, 630 N.W.2d 56. Klose was initially represented by counsel during post-conviction proceedings, but after the district court denied his application for post-conviction relief his attorney informed him that he would not continue to represent Klose on appeal. While Klose had requested court appointed counsel in the past and was familiar with the process to secure court appointed counsel, Klose did not request the district court appoint new counsel, and there was evidence Klose's decision to represent himself during his first post-conviction appeal was part of his appellate strategy. We conclude Klose's post-conviction counsel was not ineffective and the district court did not err in failing to provide Klose with counsel for his appeal.

[¶ 25] Similarly, post-conviction applicants are not entitled to a free transcript for an appeal, and the district court has discretion in deciding an indigent applicant's request for a transcript. *Owens*, 1998 ND 106, ¶ 33, 578 N.W.2d 542. Klose requested a transcript of the post-conviction evidentiary hearing and the district court denied his request and required him to pay half the cost of the transcript before it would be produced. Klose did not object to the court's decision or raise the issue in his first appeal. Klose had a duty to provide a transcript on appeal. N.D.R.App.P. 10(b). When an appellant represents himself and fails to provide a transcript on appeal, he assumes the risks and consequences of his failure. *State v.*

*Hilgers*, 2004 ND 160, ¶ 19, 685 N.W.2d 109. While Klose may have benefitted from having a transcript and this Court's review was limited because he did not have a transcript, Klose chose to represent himself, and pro se litigants will not receive leniency simply because they choose to represent themselves. *See id.* Klose cannot argue he received ineffective assistance of post-conviction counsel on appeal because he represented himself. *See Steen*, 2007 ND 123, ¶ 18, 736 N.W.2d 457 (self-representation waives ineffective assistance of counsel claims). Klose's post-conviction counsel was no longer representing him, and the attorney was not ineffective for failing to secure a transcript for the appeal. We conclude Klose's post-conviction counsel was not ineffective for failing to represent him on appeal or for failing to secure a transcript, and Klose did not suffer a manifest injustice.

### III

[¶ 26] Klose has failed to raise an issue of material fact that his first post-conviction counsel's representation fell below an objective standard of reasonableness and that the result of the proceeding would have been different absent his counsel's deficient performance. We affirm the district court's judgment dismissing Klose's second post-conviction application.

[¶ 27] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.