2013 ND 125

**Matthew SWEARINGEN, Petitioner and Appellant**

**v.**

**STATE of North Dakota, Respondent and Appellee.**

**No. 20130063.**

Supreme Court of North Dakota.

July 18, 2013.

Thomas J. Glass, Bismarck, N.D., for petitioner and appellant.

Lonnie Olson, State's Attorney, Devils Lake, N.D., for respondent and appellee.

SANDSTROM, Justice.

[¶ 1] Matthew Swearingen appeals from a district court order denying his application for post-conviction relief. Concluding the district court provided inadequate findings of fact and should have granted Swearingen's request for a transcript of the post-conviction evidentiary hearing, we reverse and remand.

I

[¶ 2] Swearingen was charged with and found guilty of gross sexual imposition. He appealed the judgment, arguing there was insufficient evidence to support the trial court's decision, which this Court summarily affirmed in *State v. Swearingen,* 2012 ND 6, 809 N.W.2d 833. Swearingen applied for post-conviction relief, claiming his court-appointed counsel was ineffective because he requested a bench trial instead of a jury trial and failed to inform Swearingen of his reasons for doing so. An evidentiary hearing was held, and the district court denied Swearingen's application.

[¶ 3] The court concluded:

Based on the Petitioners testimony he essentially is making the same argument he made before the Supreme Court, *State of North Dakota v. Swearingen,* 2012 ND 6 [2012 WL 117180]. Petitioners counsel argues that requesting a bench trial instead of a jury trial under these circumstances is ineffective assistance of counsel. The argument is not persuasive.

[¶ 4] The district court subsequently denied Swearingen's request for a transcript of the evidentiary hearing for his appeal, concluding:

In this particular case the issues raised in the post conviction proceeding on January 4, 2013, were addressed in the related criminal action where transcripts have been prepared, *State of North Dakota v. Matthew Swearingen,* Ramsey County Case No. 36–10–K–00730 and Supreme Court Case No. 20110227.

Swearingen moved to reconsider his request for a transcript, but the district court, lacking jurisdiction over a matter on appeal to this Court, did not rule on the motion.

[¶ 5] Swearingen argues the district court erred in denying his post-conviction relief claim of ineffective assistance of

counsel. He argues his counsel did not communicate sufficiently with him and he was not able to make a fully-informed decision about waiving his right to a jury trial. In his supplemental brief, Swearingen argues the district court erred in denying his request for a post-conviction evidentiary hearing transcript.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 29–32.1–03. Swearingen's appeal was timely under N.D.R.App.P. 4(d). We have jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–32.1–14.

## II

### A

[¶ 7] In his individually-filed supplemental brief,[1] Swearingen argues his waiver of a jury trial was not made voluntarily, knowingly, and intelligently, and the district court erred in accepting it.

■■■ [¶ 8] Rule 23(a), N.D.R.Crim.P., provides: "If the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing or in open court; (2) the prosecuting attorney consents; and (3) the court approves." Our rule mirrors the federal rule, Fed.R.Crim.P. 23(a), and federal courts have added the additional requirement that a defendant's waiver of a jury trial must be "knowing, intelligent, and voluntary." *United States v. Robertson*, 45 F.3d 1423, 1431 (10th Cir.1995). In *State v. Kranz*, cited by Swearingen in his supplemental brief, this Court said:

The importance of having jury trial waivers affirmatively expressed on the record becomes apparent when the trial

court's role in approving such waivers is considered. The responsibility of a trial court in this area is two-fold. First, the court must ascertain whether or not the defendant's jury trial waiver is a voluntary, knowing, and intelligent decision "done with sufficient awareness of the relevant circumstances and likely consequences."

353 N.W.2d 748, 752 (N.D.1984) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)).

■■■ [¶ 9] A stipulation signed by Swearingen waiving his right to a jury trial is in this record, but the record does not clearly reflect that his waiver was knowing, intelligent, and voluntary. The stipulation provided:

### I.

Do hereby stipulate and agree that the Defendant can withdraw his request for a Jury Trial.

### II.

That the Parties stipulate and agree that the matter shall be handled by a Bench Trial.

### III.

That the Parties stipulate and agree that the Court can set a new time for the Bench Trial or leave it as is.

[¶ 10] In addition to his signed stipulation, the record shows the following colloquy took place at a pre-trial conference:

MR. THOMPSON: Your Honor, we did file a notice and stipulation that Matthew would agree to go to a bench trial as apposed (sic) to a jury trial. It seems that the issue to us is whether or not the alleged acts that he is accused of committing fit the statute of gross sexual

---

1. *See* N.D.R.App.P. 24(a)(1) ("In a criminal case in which counsel representing an indigent defendant has submitted a brief, the indigent defendant may file a statement of additional grounds for review to identify and discuss matters that the indigent defendant believes were not adequately addressed in the brief filed by counsel.").

imposition and so, to get that we would have to have the alleged victim testify.

THE COURT: Okay.

MR. THOMPSON: We agreed that it would be better for her to testify in front of the court rather than in front of a jury.

THE COURT: Okay. There's no objection from the State to go to a bench trial?

MR. OLSON: No.

Swearingen was not asked by the court whether his decision was knowing, intelligent, and voluntary, nor did the court explain the consequences of such a decision. The transcript suggests the waiver was to protect the victim. Swearingen raised the issue of jury-trial waiver in his application for post-conviction relief, but the transcript of the evidentiary hearing is not in the record before our Court. In this case, the limited record does not clearly reflect Swearingen's waiver was knowing, intelligent, and voluntary.

[¶ 11] We conclude the record before us raises a genuine question of fact as to the merit of Swearingen's application, and a post-conviction hearing transcript is necessary to decide it.

## B

■ [¶ 12] Swearingen argues the district court erred in denying his request for a transcript, thus denying him full appellate review.

■ [¶ 13] "Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure." *Waslaski v. State*, 2013 ND 56, ¶ 7, 828 N.W.2d 787. "[P]ost-conviction applicants are not entitled to a free transcript for an appeal, and the district court has discretion in deciding an indigent applicant's request for a transcript." *Klose v. State*, 2008 ND 143, ¶ 25, 752

N.W.2d 192; *see also Owens v. State*, 1998 ND 106, ¶ 33, 578 N.W.2d 542 ("[A] trial court does not abuse its discretion in refusing an indigent applicant's request for a trial transcript unless the inmate shows a particularized need, necessity or justification for its preparation and use.").

[¶ 14] The lack of a post-conviction evidentiary hearing transcript in this case leaves us with an inadequate evidentiary basis to evaluate either parties' arguments and an inability to reach a decision on the merits. The district court, in its order denying Swearingen's request for a transcript, stated issues raised in the proceeding had been addressed in the related criminal action for which transcripts had been prepared. The trial court's statement, however, appears incorrect. In the direct appeal of his conviction to this Court, Swearingen argued only that the evidence was insufficient to sustain his conviction. *See State v. Swearingen*, 2012 ND 6, 809 N.W.2d 833. The trial-level transcripts of the related criminal proceedings referenced by the district court, then, would not address the issues Swearingen raises on appeal—whether he received ineffective assistance of trial counsel or whether he knowingly and voluntarily waived his right to a jury trial—and we are left with an inadequate record to review.

[¶ 15] In addition, in its order denying Swearingen's application for post-conviction relief, the district court made no findings of fact and concluded only that Swearingen's argument was not persuasive. The court simply stated Swearingen "essentially is making the same argument he made before the Supreme Court, *State of North Dakota v. Swearingen*, 2012 ND 6 [2012 WL 117180]." Once again, the record before us reflects that the district court's order appears incorrect. Swearingen's post-conviction argument is clearly not

what was previously argued before this Court.

[¶ 16] Although this Court upheld denial of a transcript in a repetitive post-conviction relief case, *see Klose,* 2008 ND 143, ¶ 25, 752 N.W.2d 192, counsel for either party cannot cite any case in which a district court has denied an indigent petitioner a transcript following an evidentiary hearing in a first post-conviction relief case. We cannot find such a case. The State concedes a post-conviction hearing transcript should have been provided. The record before us does not support the idea that Swearingen is raising an insufficiency of the evidence argument over again as the district court suggests.

[¶ 17] It appears ineffective assistance of Swearingen's trial counsel and waiver of a jury trial are not at all the issues raised previously to this Court, and under these circumstances, we conclude the district court abused its discretion by not providing a transcript of the post-conviction relief hearing.

### III

[¶ 18] We reverse and remand for the court to provide more adequate findings on the issues raised as well as to provide a transcript of the post-conviction evidentiary hearing so that we may adequately review ineffective assistance of counsel and the waiver of a jury trial. Swearingen's remaining arguments are unnecessary to our decision, and we will not address them.

[¶ 19] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.

MARY MUEHLEN MARING, J., concurs in the result.