2014 ND 10

**Casey PHILLIPS, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20130151.**

Supreme Court of North Dakota.

Jan. 14, 2014.

Robert W. Martin, North Dakota Public Defenders' Office, Minot, N.D., for petitioner and appellant.

Marjorie R. Kohls, Assistant State's Attorney, Bismarck, N.D., for respondent and appellee.

SANDSTROM, Justice.

[¶ 1]   Casey Phillips appeals from a district court order dismissing his petition for post-conviction relief.   Concluding the district court abused its discretion in denying Phillips's request for a transcript of the post-conviction hearing, we reverse and remand.

I

[¶ 2]   In prosecutions underlying this post-conviction proceeding, Phillips applied for indigent defense services, and the district court appointed counsel to represent him.   Phillips pled guilty to charges of violating a domestic violence protection order, stalking, terrorizing, and criminal trespass.   He did not directly appeal the convictions.

[¶ 3]   Phillips applied for post-conviction relief in January 2013, claiming his trial counsel was ineffective, his convictions were obtained as a result of a coerced confession and unlawfully induced guilty plea, and evidence not previously presented requires the convictions be vacated.   Phillips again applied for indigent defense counsel, and attorney Charles Stock was assigned to represent him.   Following a hearing, the nature of which we cannot ascertain because of the unavailability of the transcript, the district court dismissed Phillips's application for post-conviction relief, concluding, "For the reasons stated on the record, the Petition for Post–Conviction Relief is hereby dismissed."

[¶ 4]   Phillips appealed and requested a copy of the transcript of the hearing on his application for post-conviction relief.   He was granted indigent defense counsel for his appeal.   The district court, however, denied his request for a free transcript, stating, "In this case, neither the petition for post-conviction relief nor the request for transcript state a legal or factual basis for the transcript.   Phillips has not made a particularized showing that the hearing transcript would be beneficial to assist in establishing his claims."

[¶ 5]   The district court had jurisdiction under N.D. Const. art. VI, § 8, and

N.D.C.C. § 29–32.1–03. Phillips's appeal is timely under N.D.R.App.P. 4(d). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–32.1–14.

## II

[¶ 6] Phillips argues the district court abused its discretion in refusing to order preparation of the transcript of his post-conviction hearing.

### A

[¶ 7] In this case, an appeal from the order denying Phillips's application for post-conviction relief had already been filed before the district court entered its order denying his request for a transcript. We therefore consider the proper procedure for appealing and arguing the order denying a transcript when there is already an appeal from an order denying post-conviction relief pending in this Court.

[¶ 8] The procedure of this case is much like that in *Swearingen v. State,* in which there was also no direct appeal from the district court order denying a request for a transcript. *See* 2013 ND 125, ¶¶ 2–5, 833 N.W.2d 532. In *Swearingen,* we treated the issue of whether the district court properly denied Swearingen's request for a transcript as a part of his appeal from the court's order denying post-conviction relief. *See Swearingen,* at ¶ 5 (arguing the district court erred both in denying post-conviction relief and in denying a transcript).

[¶ 9] Courts in Mississippi have addressed the issue similarly:

If the prisoner's request for transcripts or other documents is denied, and his overall petition is ultimately denied, then he may appeal the denial of his petition for collateral relief pursuant to § 99–39–25[,] which provides that final judgments entered under the Act may be reviewed by this Court on appeal brought by either the State or the prisoner. Within that appeal, the prisoner may include the claim that the denial of his request for transcripts or other documents was error, just as was done on direct appeal in *Fisher* [*v. State* ], *supra* [532 So.2d 992 (Miss.1988) ], and *Ruffin v. State,* 481 So.2d 312 (Miss.1985).

*Fleming v. State,* 553 So.2d 505, 506 (Miss. 1989).

[¶ 10] In a similar case, another Mississippi court stated:

In the case at hand, Shanks still has avenues of appellate review. Shanks may seek relief by properly filing a petition with the circuit court under the Post–Conviction Collateral Relief Act. If the circuit court denies his petition for collateral relief, he may then seek relief from this Court pursuant to Mississippi Code Annotated § 99–39–25 (Rev.2000 & Supp.2004). Within that appeal, Shanks may raise the issue of the denial of his request for transcripts as well as any constitutional issues he might have.

*Shanks v. State,* 906 So.2d 760, 762 (Miss. Ct.App.2004).

[¶ 11] On the basis of our reasoning in *Swearingen,* as well as the specific holdings of the Mississippi courts, we conclude the issue of whether a district court erred in denying a transcript is sufficiently interrelated with the appeal from an order denying post-conviction relief such that no separately filed notice of appeal is necessary. *See Swearingen,* 2013 ND 125, ¶ 5, 833 N.W.2d 532; *Fleming,* 553 So.2d at 506. Phillips's argument on appeal that the district court erroneously denied his request for a transcript is therefore properly integrated with his appeal from the court order denying post-conviction relief.

## B

[¶ 12] Because we have concluded Phillips's arguments are properly raised on appeal, we now turn to the issue of whether the district court abused its discretion in denying him a transcript.

[¶ 13] This Court recently outlined the applicable law when an indigent applicant requests a transcript in post-conviction proceedings:

> "Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure." *Waslaski v. State*, 2013 ND 56, ¶ 7, 828 N.W.2d 787. "[P]ost-conviction applicants are not entitled to a free transcript for an appeal, and the district court has discretion in deciding an indigent applicant's request for a transcript." *Klose v. State*, 2008 ND 143, ¶ 25, 752 N.W.2d 192; *see also Owens v. State*, 1998 ND 106, ¶ 33, 578 N.W.2d 542 ("[A] trial court does not abuse its discretion in refusing an indigent applicant's request for a trial transcript unless the inmate shows a particularized need, necessity or justification for its preparation and use.").

*Swearingen*, 2013 ND 125, ¶ 13, 833 N.W.2d 532. We also stated in *Swearingen*, "[C]ounsel for either party cannot cite any case in which a district court has denied an indigent petitioner a transcript following an evidentiary hearing in a first post-conviction relief case." *Id.* at ¶ 16.

[¶ 14] In its order denying Phillips's request for a transcript, the district court stated, "In this case, neither the petition for post-conviction relief nor the request for transcript state a legal or factual basis for the transcript. Phillips has not made a particularized showing that the hearing transcript would be beneficial to assist in establishing his claims."

[¶ 15] The record in this case reveals that the court-appointed attorney at the hearing was not the same attorney appointed for appeal. Phillips's petition for post-conviction relief was filed when he was self-represented. Prior to the hearing on the petition, attorney Charles Stock was appointed as counsel for Phillip's post-conviction proceedings. Phillips's attorney on appeal, Robert Martin, was not appointed to represent Phillips until after the post-conviction hearing. It is undisputed Martin was not at the hearing and does not have a copy of the transcript from that hearing. In its order denying post-conviction relief, the district court simply stated, "For the reasons stated on the record, the Petition for Post–Conviction Relief is hereby dismissed." Without a transcript, there are no findings of fact or other indication as to the reasons for denying Phillips's petition that will enable Phillips's appellate counsel to make arguments on his behalf. Because he was not at the hearing, Phillips's counsel on appeal cannot know "the reasons stated on the record" unless a transcript is provided.

[¶ 16] Under *Swearingen*, a " 'trial court does not abuse its discretion in refusing an indigent applicant's request for a trial transcript unless the inmate shows a particularized need, necessity or justification for its preparation and use.' " 2013 ND 125, ¶ 13, 833 N.W.2d 532 (quoting *Owens v. State*, 1998 ND 106, ¶ 33, 578 N.W.2d 542). Phillips argues the benefit of having a transcript is evident because the district court entered a one sentence order bereft of findings of fact or conclusions of law and references a record which exists only in the electronic records of the court reporter.

[¶ 17] Because there is no transcript, Phillips's appellate attorney is unable to address issues presented at the hearing or the court's rationale for denying his application. Phillips's argument is sufficient

under *Swearingen* to demonstrate "a particularized need, necessity or justification for its preparation and use." The transcript is not only beneficial, but crucial, in establishing Phillips's claims. As a result, the lack of a transcript from the post-conviction evidentiary hearing leaves this Court with an inadequate record to evaluate the order denying Phillips's petition for post-conviction relief. *See id.* at ¶ 14.

[¶ 18] We conclude Phillips has sufficiently demonstrated "a particularized need, necessity or justification for [the transcript's] preparation and use." *See Swearingen*, 2013 ND 125, ¶ 13, 833 N.W.2d 532. Under these circumstances, the district court abused its discretion in not granting Phillips's request for a transcript of the post-conviction hearing. When an indigent defendant has demonstrated a particularized need entitling him to a free transcript, a court reporter or recorder must provide a transcript as needed and ordered by the court. The cost of producing the transcript is covered in the same way as in a criminal proceeding. *See* N.D.C.C. § 29–32.1–05(2).

### III

[¶ 19] We reverse and remand with instructions for the district court to provide a transcript of the post-conviction hearing so that Phillips may properly pursue his appeal from the order denying his petition for post-conviction relief. We retain jurisdiction under N.D.R.App.P. 35(a)(3).

[¶ 20] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, S.J., DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.

[¶ 21] The Honorable LISA FAIR McEVERS was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge MARY MUEHLEN MARING, sitting.