2015 ND 297

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Adrian Scott WILLIAMS, Defendant and Appellant.**

No. 20150042.

Supreme Court of North Dakota.

Dec. 22, 2015.

Frederick R. Fremgen, State's Attorney, Jamestown, N.D., for plaintiff and appellee.

Lee M. Grossman, Valley City, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Adrian Williams appeals from a criminal judgment entered after a jury found him guilty of possession of drug paraphernalia, possession of a controlled substance, and two counts of possession of a controlled substance with intent to deliver. Williams argues the district court erred in denying his motion to suppress evidence and his request for a complete transcript of the suppression hearing. We conclude the district court abused its discretion in denying his transcript request, and we reverse and remand.

I

[¶ 2] In March 2013, Williams was charged with two counts of possession of a controlled substance with an intent to deliver, possession of drug paraphernalia,

and possession of a controlled substance, after police officers searched his hotel room and vehicle. Williams applied for indigent defense services, and the district court appointed counsel to represent him.

[¶ 3] Williams moved to suppress evidence, arguing the search of his hotel room and vehicle violated his constitutional rights. He argued the officers' warrantless entry and search of his hotel room was illegal, no exceptions to the warrant requirement applied to the search, a search warrant obtained after the initial illegal entry and search did not correct the illegality, and misleading and inaccurate information was used to obtain the search warrant. He also claimed officers did not have probable cause to conduct a canine walk-around of his vehicle, and information from the walk-around was used to obtain the search warrant.

[¶ 4] After a January 2, 2014, hearing, the district court denied Williams' motion to suppress. On January 8, 2014, Williams requested a partial transcript of the suppression hearing, including testimony from certain witnesses. He later amended the request to include testimony from additional witnesses. The district court did not enter an order on the request and a partial transcript of the hearing is not included in the record.

[¶ 5] A jury found Williams guilty on all four counts, and a criminal judgment was entered in February 2015. Williams appealed from the judgment and requested a transcript of the jury trial, which was prepared. Williams was granted indigent defense counsel for his appeal.

[¶ 6] On July 2, 2015, Williams requested transcripts of various pretrial hearings, including the suppression hearing. On July 15, 2015, the district court partially granted his request, but denied his request for a transcript of the suppression hearing, stating a transcript of that hearing had previously been provided and Williams did not indicate reasonable cause existed to provide an additional transcript.

[¶ 7] On July 16, 2015, Williams moved to reconsider, requesting the court order a complete transcript of the suppression hearing. Williams argued the prior transcript was only a partial transcript and did not include the court's findings. He claimed his counsel would be unable to make appellate arguments on his behalf without the findings because he had different counsel for the suppression hearing, his appellate counsel did not know the basis for the court's decision, and his counsel would be unable to adequately represent him if he could not review all of the evidence presented and the district court's findings. The court did not rule on the motion and a complete transcript of the suppression hearing was not prepared.

II

[¶ 8] Williams argues the district court erred in denying his motion to suppress. He claims the warrantless search of his hotel room was unreasonable and did not fall within a recognized exception to the warrant requirement and the search warrant was not supported by probable cause after the information obtained as a result of the illegal search of the hotel room is excised from the warrant application.

[¶ 9] The district court denied Williams' motion to suppress. The court's written order states, "The Court considered the record, the testimony of both parties' witnesses, the briefs, and the arguments of counsel. After considering the law and the facts, the court stated its findings on the record on the 2nd of January 2014." The court did not provide any further written explanation of its decision,

and the record does not include a transcript of the suppression hearing.

[¶ 10] The appellant is required to file a complete transcript on appeal to allow this Court to properly review the issues. N.D.R.App.P. 10(b). We will decline to review an issue if the record on appeal does not allow for a meaningful and intelligent review of the alleged error. *State v. Kordonowy*, 2015 ND 197, ¶ 23, 867 N.W.2d 690.

[¶ 11] Williams requested a partial transcript of the suppression hearing in January 2014. The district court did not enter a written order granting Williams' request for a partial transcript, and a partial transcript is not included in the record. Although Williams included a copy of the partial transcript in his appendix, this Court will not consider documents in an appendix that are not included in the record. *See State ex. rel. Seibold v. Leverington*, 2012 ND 25, ¶ 20, 812 N.W.2d 460.

[¶ 12] Williams also requested a complete transcript of the suppression hearing on July 2, 2015, after he filed his notice of appeal. On July 15, 2015, the district court denied Williams' request for a complete transcript and indicated the previously requested transcript was prepared. On July 16, 2015, Williams requested the court reconsider its decision denying his request for a complete transcript, arguing the partial transcript did not include the court's oral findings and judgment and he would be unable to make arguments and address the court's findings on appeal. Williams also argued his appellate counsel was not present for many of the hearings in the case and was unable to determine what issues should be raised on appeal without an opportunity to review all the evidence presented to the district court and the court's findings. Williams argues the district court erred in denying his request for a complete transcript of the suppression hearing.

[¶ 13] In a criminal action, the district court may order a transcript be made at state expense upon the defendant's request whenever there is reasonable cause therefor. N.D. Sup. Ct. Admin. R. 39, § 6. The district court has discretion in deciding whether to grant a request for a transcript. *Phillips v. State*, 2014 ND 10, ¶ 13, 841 N.W.2d 731. A district court does not abuse its discretion in refusing a request for a transcript unless a particularized need, necessity, or justification for its preparation and use is shown. *Owens v. State*, 1998 ND 106, ¶ 33, 578 N.W.2d 542.

[¶ 14] Williams requested a complete transcript to allow his appellate counsel to review the evidence and the court's findings to determine whether there were any issues that should be raised on appeal. The record reveals Williams' appointed attorney for the appeal is not the same attorney that was appointed to represent him during the suppression hearing. The district court's written order denying the motion to suppress refers to findings the court made on the record during the suppression hearing and does not provide any further explanation of its decision. Without a complete transcript there are no findings or other explanation of the court's decision denying Williams' motion to suppress to enable Williams' appellate counsel to make arguments on his behalf. *See Phillips*, 2014 ND 10, ¶ 15, 841 N.W.2d 731. Furthermore, Williams argues the district court erred in denying his motion to suppress, and we are unable to properly review the issues raised on appeal without a complete transcript of the suppression hearing.

[¶ 15] Williams has demonstrated a particularized need, necessity, or justification for the transcript's preparation and use. Because Williams' attorney was un-

able to properly prepare an appeal and this Court is unable to review the issues raised without a complete transcript, we conclude the district court abused its discretion in denying Williams' request for a transcript of the suppression hearing.

### III

[¶ 16] We reverse and remand with instructions for the district court to provide a complete transcript of the suppression hearing so Williams may properly pursue an appeal from the criminal judgment and order denying his motion to suppress evidence. We retain jurisdiction under N.D.R.App.P. 35(a)(3). Either party may file a supplemental brief with this Court based on the district court's findings and decision on the suppression motion within 30 days after delivery of the transcript.

[¶ 17] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.