2016 ND 132

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Adrian Scott WILLIAMS, Defendant and Appellant.**

No. 20150042.

Supreme Court of North Dakota.

June 30, 2016.

Frederick R. Fremgen, State's Attorney, Jamestown, N.D., for plaintiff and appellee.

Lee M. Grossman (argued) and Russell J. Myhre (on brief), Valley City, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Adrian Williams appeals from a criminal judgment entered after a jury found him guilty of possession of drug paraphernalia, possession of a controlled substance, and two counts of possession of a controlled substance with intent to deliver. Williams argues the district court erred in denying his motion to suppress evidence because the warrantless search of his hotel room violated his Fourth Amendment rights against unreasonable searches and seizures. We affirm.

I

[¶ 2] In March 2013, Williams rented a room at the Holiday Inn Express in Jamestown. Jamestown police officers were investigating an unrelated criminal offense Williams allegedly committed

against a hotel employee, and the officers arrested Williams in the hallway of the hotel after he left his hotel room. The officers removed Williams from the property.

[¶ 3] The hotel manager decided to evict Williams and contacted the police department to assist her in removing Williams' property from the hotel. Officers returned to the hotel and found a small plastic bag containing a white powder in the hall where Williams was arrested. The officers suspected the bag contained a controlled substance. The hotel manager let the officers into Williams' hotel room, and the officers began to inventory Williams' property. The officers found drug paraphernalia among Williams' property and stopped inventorying the room. While the officers were inventorying the hotel room, a canine officer arrived and conducted a canine walk-around of Williams' vehicle.

[¶ 4] The plastic bag found in the hallway, the inventory of the hotel room, and the results of the canine walk-around were used to obtain a search warrant for the hotel room and the vehicle. The officers searched the hotel room and vehicle, and found controlled substances in the vehicle. Williams was charged with two counts of possession of a controlled substance with an intent to deliver, possession of drug paraphernalia, and possession of a controlled substance.

[¶ 5] Williams moved to suppress evidence, arguing the search of his hotel room and vehicle violated his constitutional rights. He claimed the officers' warrantless entry and search of his hotel room was illegal, no exceptions to the warrant requirement applied to the search, the search warrant obtained after the initial illegal entry and search did not correct the illegality, and misleading and inaccurate information was used to obtain the search warrant. He also argued officers did not have probable cause to conduct a canine walk-around of his vehicle, and information from the walk-around was used to obtain the search warrant.

[¶ 6] After a hearing, the district court denied Williams' motion to suppress. The court found the hotel evicted Williams from the room, Williams no longer had an expectation of privacy after he was evicted, and therefore the officers' entry and search of the room was not illegal and did not violate Williams' constitutional rights. The court found probable cause was not required before the officers could conduct a canine walk-around of the vehicle, there was sufficient information for a warrant, and the search of the vehicle did not violate Williams' constitutional rights.

[¶ 7] A jury found Williams guilty on all four counts, and a criminal judgment was entered in February 2015. Williams appealed, and this Court previously remanded the case for preparation of a transcript of the suppression hearing. *State v. Williams*, 2015 ND 297, 873 N.W.2d 13.

II

[¶ 8] In reviewing a district court's decision on a motion to suppress, this Court gives deference to the district court's findings of fact because the district court is in a superior position to assess witness credibility and to weigh the evidence. *State v. Morales*, 2015 ND 230, ¶ 7, 869 N.W.2d 417. Conflicts in the evidence are resolved in favor of affirmance. *Id.* Findings of fact will not be reversed if there is sufficient competent evidence fairly capable of supporting the findings, and the decision is not contrary to the manifest weight of the evidence. *Id.* Questions of law are fully reviewable. *Id.* We review questions of whether a constitutional right has been violated de novo. *State v. Nguyen*, 2013 ND 252, ¶ 7, 841 N.W.2d 676.

The defendant has the initial burden of establishing a prima facie case that the evidence was illegally seized. *Morales,* at ¶ 8.

### III

[¶ 9] Williams argues the warrantless search of his hotel room was unreasonable and did not fall within a well-recognized exception to the warrant requirement, and therefore all evidence obtained as a result of that search should have been suppressed, including any evidence seized when the search warrant was executed. He contends he had a reasonable expectation of privacy in his hotel room and the hotel manager could not consent to a search of the room.

[¶ 10] The Fourth Amendment of the United States Constitution and Article I, Section 8, of the North Dakota Constitution prohibit unreasonable searches and seizures. The Fourth Amendment protects people, not places. *Nguyen,* 2013 ND 252, ¶ 8, 841 N.W.2d 676. "A search does not occur unless the government violates an individual's reasonable expectation of privacy." *City of Fargo v. Rakowski,* 2016 ND 79, ¶ 9, 877 N.W.2d 814 (quoting *State v. Mittleider,* 2011 ND 242, ¶ 14, 809 N.W.2d 303). If a person has a reasonable expectation of privacy in an area, the government must obtain a warrant before conducting a search, unless the search falls within one of the recognized exceptions to the warrant requirement. *Nguyen,* at ¶ 8. "Absent an exception to the warrant requirement, the exclusionary rule requires suppression of evidence obtained in violation of the federal and state constitutions' protections against warrantless searches or seizures." *Morales,* 2015 ND 230, ¶ 8, 869 N.W.2d 417.

[¶ 11] "To determine whether a legitimate expectation of privacy exists, 'the person challenging the search has the burden of showing both a subjective expectation of privacy and that the expectation is objectively reasonable; that is, one that society is willing to accept.'" *Nguyen,* 2013 ND 252, ¶ 9, 841 N.W.2d 676. Several factors may be considered in deciding whether a reasonable expectation of privacy exists, including "[w]hether the party has a possessory interest in the things seized or the place searched; whether the party can exclude others from that place; whether the party took precautions to maintain the privacy; and whether the party had a key to the premises." *Id.*

[¶ 12] A hotel guest has a reasonable expectation of privacy in his hotel room, and therefore constitutional protections against unreasonable searches extend to hotel rooms. *See State v. Kuruc,* 2014 ND 95, ¶ 11, 846 N.W.2d 314. However, a hotel guest no longer has a reasonable expectation of privacy after he has been evicted from the hotel. *See, e.g., United States v. Procknow,* 784 F.3d 421, 426 (7th Cir.2015); *United States v. Molsbarger,* 551 F.3d 809, 811 (8th Cir.2009); *United States v. Young,* 573 F.3d 711, 716 (9th Cir.2009); *Young v. Harrison,* 284 F.3d 863, 869 (8th Cir.2002); *United States v. Allen,* 106 F.3d 695, 699 (6th Cir.1997); *United States v. Rambo,* 789 F.2d 1289, 1295–96 (8th Cir.1986); *United States v. Haddad,* 558 F.2d 968, 975 (9th Cir.1977). A hotel guest "cannot assert an expectation of being free from police intrusion upon his solitude and privacy in a place from which he has been justifiably expelled." *Rambo,* at 1296. "Once 'a hotel guest's rental period has expired or been lawfully terminated, the guest does not have a legitimate expectation of privacy in the hotel room or in any article therein of which the hotel lawfully takes possession.'" *Allen,* at 699 (quoting *United States v. Rahme,* 813 F.2d 31, 34 (2d Cir. 1987)). The facts and circumstances must

be considered to determine whether the defendant was evicted, including whether the hotel took any affirmative action that was a clear and unambiguous sign of eviction. *See Young*, at 716–17; *see also Procknow*, at 426–27.

[¶ 13] The district court found the hotel manager contacted law enforcement to assist with evacuating Williams' hotel room after he was arrested and removed from the property. The court found Williams was arrested for a crime allegedly committed against a hotel employee, he had been removed from the premises, the hotel manager chose to evict Williams, and the hotel manager wanted Williams' property removed from the hotel. The court found the hotel manager requested the officers assist in removing Williams' property, and explained:

> This was not a search incident, it was a function that police chose to remove him from the—remove his property from the premises at the request of the hotel. The hotel asked the police to assist. The police, certainly common sense is that the police would do a thorough inventory for the reasons they stated. I think that one of them used the example of a several thousand dollar valuable ring, they would hate to be accused of stealing, so it's clearly that he was—that there was no expectation of privacy in that room. The hotel wanted his property out of there, they asked for the assistance of law enforcement, law enforcement was invited into the room by the hotel to carry out that function. Whether or not the hotel wanted it inventoried or not I think the testimony of the officers was they were just told to remove it. The inventory was done on their own, which as I indicated, certainly commonsense tells the Court that the officers needed, if they were going to take up that task, they needed to be

protected from accusations of taking property. So I think that it's clear to the Court that the entry into the room is for assistance is legitimate.

[¶ 14] The evidence supports the district court's findings. Evidence established Williams was arrested at the hotel for an offense allegedly committed against a hotel employee. The hotel manager testified that Williams gave her a look as he was removed from the hotel that made her very uncomfortable and that "it would not be a very nice situation" if he returned to the hotel. She testified that she was concerned about and feared what would happen if Williams came back to the hotel.

[¶ 15] Officer Thomas Nagel testified the manager expressed concern for the safety of the hotel's guests and staff if Williams was released, she asked him what she could do with Williams' property, and he advised her to check hotel policy and that the police department has assisted in taking personal property for safekeeping. The hotel manager testified that she consulted the hotel's policy and verified that it was appropriate to remove Williams from the property to ensure the safety of the guests and employees, and she contacted law enforcement for assistance to ensure the hotel would not be accused of stealing any of Williams' property.

[¶ 16] Officer Nagel testified that he received a call from dispatch about a request from the hotel to remove Williams' property and that other officers went to the hotel to assist with removing the property. The hotel manager testified that a plastic bag of white powder was found in the hall when she brought the officers up to the room to remove Williams' property, she was worried there might be more drugs in the room, and she wanted the police to search the room and remove all of Williams' property for the safety of the hotel's employees and future guests.

There was also testimony from other officers that they went to the hotel to help evict Williams after the hotel manager requested assistance with the eviction and they inventoried the property in the hotel room as a precaution in case there were any allegations about missing property.

[¶ 17] Evidence established the hotel manager took affirmative action that was a clear and unambiguous sign she was evicting Williams from the hotel. Williams does not argue that the manager did not have authority to evict him or that the eviction was not appropriate under hotel policy. The evidence supports the court's finding that Williams was evicted from his hotel room. Once Williams was evicted, the hotel room reverted to the control of the hotel management, Williams no longer had a privacy interest in the hotel room, and the hotel manager could consent to the officers entering the room to remove Williams' belongings. *See Rambo,* 789 F.2d at 1295–96. The officer's entry and search of the room was not unreasonable and did not violate Williams' constitutional rights. We conclude the district court did not err in denying Williams' motion to suppress evidence seized as a result of the officers' initial entry and search of the hotel room.

[¶ 18] Williams also argues the search warrant was not supported by probable cause if the evidence found as a result of the search of the hotel room is excluded. It is unnecessary to address this issue because we conclude the search of the hotel room was not unconstitutional and the evidence seized as a result should not be suppressed.

### IV

[¶ 19] We conclude the district court did not err in denying Williams' motion to suppress. We affirm the criminal judgment.

[¶ 20]   GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.