2001 ND 29

**August T. VOGEL, Plaintiff and Appellant,**

v.

**Mike BRAUN; Dave Heidt; Barb McGillivrary; Steven Boelter, Defendants and Appellees.**

**No. 20000193.**

Supreme Court of North Dakota.

Feb. 15, 2001.

Rehearing Denied March 5, 2001.

August T. Vogel (on brief), Bismarck, ND, for plaintiff and appellant. Pro se.

Jean R. Mullen (on brief), Assistant Attorney General, Bismarck, ND, for defendants and appellees.

VANDE WALLE, Chief Justice.

[¶1] August T. Vogel appealed from a judgment dismissing his action against Mike Braun, Dave Heidt, Barb McGillivrary and Steve Boelter. We conclude the trial court did not abuse its discretion in denying Vogel's motion to proceed in forma pauperis and Vogel's failure to participate in oral argument does not require reversal. We affirm.

I

[¶2] Vogel, an inmate at the State Penitentiary, filed a motion to proceed in forma pauperis on February 8, 2000, stating he had $1,184.77 in his "release aid account but this cannot be touched until[ ] his release according to N.D.S.P. policy." Although the complaint had not yet been filed, the trial court apparently had the complaint before it and denied the motion, ruling the "acts complained of are internal

matters and should be handled pursuant to the administrative procedures established for the same." Vogel filed the complaint on March 16, 2000, alleging Braun, Heidt, McGillivrary and Boelter, who are employees of the State Penitentiary, had confiscated numerous items of his property. Vogel sought actual and punitive damages from the defendants.

[¶ 3] The defendants subsequently moved to dismiss the complaint under N.D.R.Civ.P. 12(b), arguing the court did not have subject matter jurisdiction over Vogel's claims. Vogel requested a hearing, and a hearing was scheduled for 4:30 p.m. on April 10, 2000. Six days before the hearing, Vogel wrote to the court indicating he had a potential conflict at 4:30 p.m. on April 10 and might not be able to telephone the court at that time. The hearing was rescheduled for 4 p.m. on April 10. The defendants' attorney appeared at the hearing, but Vogel did not call the court until 4:15 p.m., after the hearing was completed. The court granted the motion for dismissal, concluding the defendant state employees, who were sued in their individual capacities only, could not be held personally liable to Vogel. Vogel appealed.

II

[¶ 4] Vogel argues the trial court erred in denying his motion to proceed in forma pauperis.

[¶ 5] Our review of a trial court's decision on a civil litigant's request to proceed in forma pauperis under N.D.C.C. § 27–01–07 is limited to determining whether the court abused its discretion. *Patten v. Green*, 369 N.W.2d 105, 107 (N.D.1985). A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *In re S.J.F.*, 2000 ND 158, ¶ 22, 615 N.W.2d 533.

[¶ 6] The trial court did not abuse its discretion in this case. First, Vogel indicated he had $1,184.77 in his "release aid account," but that this money "cannot be touched" until he is released from prison. However, funds from an inmate's "release aid account" can be withdrawn before discharge if "authorized by the warden." N.D.C.C. § 12–48–15(1). Vogel has not alleged he requested and was denied permission to access his account for court costs, and he therefore has failed to establish indigency.

[¶ 7] Even if indigency had been sufficiently alleged, a trial court may still deny a motion to proceed in forma pauperis if the action is totally without merit. *Patten*, 369 N.W.2d at 107. From our review of the complaint, Vogel seeks to hold the defendants liable only in their personal or individual capacities. A state employee may be liable in a personal capacity for actions outside the scope of employment that constitute reckless or grossly negligent conduct, malfeasance, or willful or wanton misconduct. N.D.C.C. §§ 32–12.2–01(6) and 32–12.2–03(3). Although Vogel alleged the defendants acted "maliciously, willful[l]y, oppressively, frau[du]lently, and recklessly," these allegations conform to his request for punitive damages under N.D.C.C. § 32–03.2–11 and do not constitute an allegation that the employees acted outside the scope of their employment. *See Kautzman v. McDonald*, 2001 ND 20, ¶ 8. Under N.D.C.C. § 32–12.2–03(2), a "state employee is not personally liable for money damages for an injury when the injury is proximately caused by the negligence, wrongful act, or omission of the employee acting within the scope of employment." Rather, such an action "must be brought against the state," N.D.C.C. § 32–12.2–03(1), and Vogel has not sued the state. Moreover, neither the state nor a state employee may be held liable for a "claim resulting from damage to the property of a patient or inmate of a state institution."

N.D.C.C. § 32–12.2–02(3)(k). Consequently, Vogel's claims lack merit.

[¶ 8]  We conclude the trial court did not abuse its discretion in denying Vogel's motion to proceed in forma pauperis.

### III

[¶ 9]  Vogel argues reversal is required because the trial court denied him an oral argument.

 [¶ 10]  The record reflects the clerk of court complied with Vogel's request to set a time for the motion hearing, and the hearing was scheduled for 4:30 p.m. on April 10.  The clerk also complied with Vogel's subsequent request to change the time of the hearing in order to accommodate his schedule, and rescheduled the hearing for 4 p.m.  Although Vogel contends he did not receive notice that his last request had been granted or notice of the new time set for the hearing, N.D.R.Ct. 3.2(a) places the burden on the party requesting oral argument to secure a time for the argument and to serve notice upon other parties.  Having initially secured a time for oral argument, Vogel had a further duty to check on the status of his subsequent request to change the time of oral argument in order to make the subsequent request complete.  *See Syvertson v. State,* 2000 ND 185, ¶ 11, 620 N.W.2d 362. Vogel did not do so, and as a result, Vogel apparently did not learn that his request had been granted and the time had been changed.  As the party with the laboring oar under N.D.R.Ct. 3.2(a), Vogel cannot complain about a lack of notice of a time change brought about at his request.  In any event, the trial court's dismissal was nevertheless proper because Vogel's claims lacked any merit.  *See Syvertson,* at ¶¶ 37– 38; *Lithun v. DuPaul,* 449 N.W.2d 810, 811 (N.D.1989).

[¶ 11]  We conclude Vogel's failure to participate in oral argument does not require reversal.

### IV

[¶ 12]  The judgment is affirmed.

[¶ 13] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and WILLIAM A. NEUMANN, JJ., concur. DALE V. SANDSTROM, J., concurs in result.