2016 ND 252

**La Verne KOENIG, Plaintiff and Appellant**

v.

**Kenneth SCHUH and Jason Schuh, Defendants and Appellees**

No. 20160060

Supreme Court of North Dakota.

Filed 12/20/2016

La Verne Koenig, Blanchard, ND, plaintiff and appellant.

Paul R. Aamodt, Eden Prairie, MN, for defendants and appellees.

Crothers, Justice.

[¶ 1] La Verne Koenig appeals from a judgment entered after a jury found no fault in his personal injury lawsuit against Kenneth Schuh and Jason Schuh. Koenig argues the district court erred in granting partial summary judgment to Patricia Schuh and Mary Schuh, the lack of a trial transcript denies him a fair and full review on appeal and he did not receive a fair and full jury trial. We affirm.

I

[¶ 2] Koenig was injured on a farm owned by Patricia Schuh. Koenig bought hay bales located on the Schuh farm. While tightening a strap securing the hay bales to a trailer, Koenig fell resulting in injury. Koenig sued Kenneth, Jason, Patri-

cia and Mary Schuh alleging their fault in strapping the bales to the trailer. Koenig specifically alleges Jason was negligent in assisting him strapping a bale to the trailer and was acting under the direction of Kenneth and Mary Schuh. He alleges Patricia is liable because she owns the land and has a business relationship with the other Schuh defendants. The district court granted summary judgment to Patricia and Mary Schuh before trial. A jury found no fault on the part of Kenneth and Jason Schuh. Koenig appeals.

## II

[¶ 3] Koenig argues the district court erred in granting summary judgment to Patricia and Mary Schuh. Koenig argues the district court erroneously shifted the burden to the non-moving party because the Schuhs admitted Koenig was on the property purchasing bales, which was a business transaction. Koenig argues Patricia and Mary Schuh are vicariously liable for the fault of Kenneth and Jason Schuh.

[¶ 4] The Schuhs assert this issue is moot because the claims against Patricia and Mary are based on a theory that they were responsible for the negligent acts of Kenneth and Jason and the jury returned a verdict finding neither Kenneth nor Jason were at fault. We agree.

[¶ 5] Koenig's claims against Patricia and Mary rely on the underlying liability of Kenneth and Jason. The jury returned a verdict finding no fault by Kenneth or Jason. Thus, no underlying liability exists for which Patricia and Mary could be secondarily liable. *See Horejsi v. Anderson*, 353 N.W.2d 316, 318 (N.D. 1984) (Release of a servant for his wrongful conduct also releases the master from vicarious liability). We also note that by this holding we are assuming, without deciding, vicarious liability might be otherwise available. *See* N.D.C.C. § 32–03.2–02; *Praus ex rel.*

*Praus v. Mack*, 2001 ND 80, ¶ 83, 626 N.W.2d 239 ("In summary, because we have abolished joint liability and there is no claim of concerted action, and there is no vicarious liability, the only indemnification available to Cape is for the independent acts of Cape."). We conclude the jury's verdict renders this issue moot.

## III

[¶ 6] Koenig asserts he is entitled to a free copy of the trial transcripts because it is a constitutionally protected right for an indigent person. Koenig concedes the lack of a trial transcript will prevent a meaningful and intelligent review of most of his issues on appeal. On three separate occasions the district court denied Koenig's petition to waive the transcript fee and affidavit to proceed in forma pauperis. A district court's decision on a civil litigant's request to proceed in forma pauperis is reviewed under the abuse of discretion standard. *Vogel v. Braun*, 2001 ND 29, ¶ 5, 622 N.W.2d 216. "A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Id.*

[¶ 7] Koenig provides no constitutional authority supporting his claimed entitlement to a waiver of transcript costs for an appeal of a civil personal injury action. Koenig relies on a federal statute to argue he is entitled to a free transcript. The federal statute states:

"Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is

unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

[¶ 8] First, federal law generally is not binding on our interpretation of state law. *See Schweigert v. Provident Life Ins. Co.*, 503 N.W.2d 225, 227 (N.D. 1993) (noting federal law is not binding on our interpretation or application of state law but will be relied on when it is helpful and sensible to do so). North Dakota law authorizes the waiver of filing fees, within the court's discretion, connected to a civil action when a petitioner files an in forma pauperis petition accompanied by a sworn affidavit of indigency. N.D.C.C. § 27–01–07. The legislature has given courts the authority to waive filing fees in civil cases, but courts have no authority to provide free transcripts to civil litigants.

[¶ 9] Second, civil litigants generally do not receive free transcripts, unlike criminal defendants. A criminal defendant has fundamental constitutional rights at stake. *See Griffin v. Illinois*, 351 U.S. 12, 19, 76 S.Ct. 585, 100 L.Ed. 891 (1956) ("to deny adequate review to the poor means that many of them may lose their life, liberty or property because of unjust convictions which appellate courts would set aside."); *see also Robinson v. St. Peter's Medical Center*, 236 N.J.Super. 94, 99–100, 564 A.2d 140 (N.J. Super. Ct. Law Div. 1989). Most civil disputes do not involve fundamental rights rising to the level at stake in a criminal case.

[¶ 10] The few civil cases involving requests for free transcripts on appeal in North Dakota all deal with applications for post-conviction relief. We have held in the civil post-conviction context that applicants are not entitled to a free transcript. *Phillips v. State*, 2014 ND 10, ¶ 13, 841 N.W.2d 731 (quoting *Klose v. State*, 2008 ND 143, ¶ 25, 752 N.W.2d 192) ("[P]ost-conviction applicants are not entitled to a free transcript for an appeal, and the district court has discretion in deciding an indigent applicant's request for a transcript.") "Rather, an indigent applicant has the constitutional right to a free trial transcript only in those instances where he shows denial of the request will deprive him of an adequate opportunity to present his claims fairly[.]" *Owens v. State*, 1998 ND 106, ¶ 32, 578 N.W.2d 542 (internal quotations and citations omitted).

[¶ 11] The present case is an appeal from a personal injury negligence claim. It does not involve fundamental constitutional rights rising to a level warranting a transcript at public expense. We decline to extend the waiver of filing fees to include the waiver of transcript costs for a civil personal injury litigant.

[¶ 12] Koenig is not constitutionally or statutorily entitled to a free transcript. Therefore, the district court did not abuse its discretion in denying Koenig's petition for a free transcript and application to proceed in forma pauperis.

IV

[¶ 13] Koenig argues the district court deprived him of a fair trial, citing numerous alleged errors occurring during trial. "An appellant assumes the consequences and the risks of failing to provide a complete transcript. If the record on appeal does not provide for a meaningful and intelligent review of an alleged error, we will decline to review the issue." *Grager v. Schudar*, 2009 ND 140, ¶ 4, 770 N.W.2d 692 (internal citations omitted). Koenig concedes the lack of a trial transcript does not allow for meaningful review on appeal. Because Koenig raises issues requiring a trial transcript for meaningful and intelli-

gent review, the failure to provide a trial transcript precludes review of those issues.

## V

[¶ 14] We conclude that the district court did not err in granting partial summary judgment to Patricia Schuh and Mary Schuh and it is not a constitutional or statutory right for an appellant to receive a free trial transcript in a civil personal injury action. We affirm the district court's judgment entered after a jury found no fault in Koenig's personal injury lawsuit against the Schuhs.

[¶ 15] Lisa Fair McEvers

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.