2017 ND 48

**James Daniel MITZEL, Petitioner**

v.

**Katherine Deanna LARSON, Respondent and Appellant**

No. 20160208

Supreme Court of North Dakota.

Filed 3/7/2017

James D. Mitzel, petitioner; no appearance.

Katherine D. Larson, 414 19th Avenue NE #2, Minneapolis, MN 55418, respondent and appellant; on brief.

William R. Hartl, P.O. Box 319, Rugby, N.D. 58368–0319, for respondent and appellant.

McEvers, Justice.

[¶ 1] Katherine Larson appeals from a district court disorderly conduct restraining order issued against her. We reverse, concluding the court abused its discretion in issuing the order.

I

[¶ 2] Larson and James Mitzel were in a romantic relationship from June 2015 to January 2016. After the relationship ended, Larson obtained an order for protection in Minnesota, alleging Mitzel had physically and sexually assaulted her in January 2016.

[¶ 3] In February 2016 Mitzel petitioned the district court for a disorderly conduct restraining order against Larson, alleging she had harassed him and his wife through email, text messages, and social media. The court issued a temporary thirty-day restraining order and scheduled a hearing for March 3, 2016. The hearing was continued until March 17, 2016, and after the hearing, the court issued a one-year disorderly conduct restraining order against Larson. The order prohibited Larson from contacting Mitzel and excluded her from his home.

II

[¶ 4] Larson argues the district court did not have personal jurisdiction over her because a sheriff did not personally serve her the temporary restraining order under N.D.C.C. § 12.1–31.2–01(5)(b). She also argues the parties did not agree to continue the hearing from March 3, 2016, to March 17, 2016.

[¶ 5] A party may waive a personal jurisdiction argument by voluntarily submitting to the personal jurisdiction of the court. Investors Title Ins. Co. v. Herzig, 2010 ND 138, ¶ 57, 785 N.W.2d 863. Regarding the continuance of the hearing, the following exchange took place between the court and Larson's attorney:

> The Court: All right. And Ms. Larson is here in court with her attorney, Ms. Gehrig. . . . This is the time and place for a hearing on whether to make a protection restraining order permanent. A temporary order has been issued. Now is the time for—we did ask for a continuance now; is that correct?
>
> Ms. Gehrig: Yes, your Honor.

Larson waived her personal jurisdiction arguments by appearing at the hearing without objecting to service of the temporary restraining order or the continuance of the hearing.

## III

[¶ 6] Larson argues the district court abused its discretion in issuing the disorderly conduct restraining order against her. Larson also argues the court failed to make specific findings of fact supporting its decision.

[¶ 7] On review of a district court's decision on a disorderly conduct restraining order:

> This Court will not reverse a district court's decision to grant a restraining order or to conduct a hearing absent an abuse of discretion. The district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination.

Combs v. Lund, 2015 ND 10, ¶ 4, 858 N.W.2d 311 (quoting Hanisch v. Kroshus, 2013 ND 37, ¶ 9, 827 N.W.2d 528).

[¶ 8] Rule 52(a), N.D.R.Civ.P., addresses when a district court must make findings of fact, which we have also said applies to disorderly conduct restraining orders. See Combs, 2015 ND 10, ¶ 17, 858 N.W.2d 311 (explaining district court's findings of fact in disorderly conduct restraining order must comply with N.D.R.Civ.P. 52(a)). The court should state its findings of fact with sufficient specificity to assist this Court's review and to afford a clear understanding of the court's decision. Interest of J.A.H., 2014 ND 196, ¶ 12, 855 N.W.2d 394. Conclusory and general findings do not comply with N.D.R.Civ.P. 52(a). J.A.H., at ¶ 12.

[¶ 9] Section 12.1–31.2–01(1), N.D.C.C., defines disorderly conduct as "intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person." "Because of the stigma and grave consequences to the respondent associated with a disorderly conduct restraining order, we have repeatedly stressed that a person who petitions for an order must allege specific facts or threats." Cusey v. Nagel, 2005 ND 84, ¶ 11, 695 N.W.2d 697. It is not enough to show the respondent's actions are unwanted; rather, the petitioner must show specific unwanted acts that are intended to affect the safety, security, or privacy of another person. Id. at ¶ 7. "Subjective fear is insufficient to support a disorderly conduct restraining order." Id. It is not enough under N.D.C.C. § 12.1–31.2–01 that the petitioner wants the other person out of the petitioner's life. Cusey, at ¶ 13.

[¶ 10] Mitzel's petition and testimony alleged Larson harassed his wife through Facebook and email. However, N.D.C.C. § 12.1–31.2–01 does not authorize the petitioner to seek a restraining order based upon disorderly conduct directed at another person. Cusey, 2005 ND 84, ¶ 12, 695 N.W.2d 697. Mitzel's wife is not a party in this action; therefore, we need not address Larson's alleged actions directed toward Mitzel's wife.

[¶ 11] Mitzel alleges Larson harassed him through text messages, and the record includes a lengthy text message conversation between them. In general, each party accused the other of ruining their life, and each party called the other derogatory names. Some of the messages indicate Mitzel requested Larson to stop communicating; however, he kept responding to her messages and the two-way conversation continued. He admitted at the hearing he responded to Larson's text messages and the conversation went back and forth. Other than generally stating he feared for his wife and children, he did not testify specifically how the text messages from Larson affected his safety, security, or privacy.

[¶ 12] The district court used a standard disorderly conduct restraining order form containing no specific findings as to how Larson's actions affected Mitzel's safety, security, or privacy. The district court did not provide much analysis or detailed findings on the record at the hearing. Near the conclusion of the hearing, the court stated, "[T]here is enough here—and that's what I'm considering." The court questioned Larson about the relationship with Mitzel and the text messages. Larson stated she ended the relationship and had not had any contact with Mitzel for two months. Larson also stated she did not need a restraining order, and the court responded, "Well, you're going to have one." The court did not state specifically on the record how Larson's text messages or conduct toward Mitzel affected his safety, security, or privacy. While the record may include some evidence showing Larson's actions could have affected Mitzel's safety, security, or privacy, Mitzel's lack of specific testimony and the court's conclusory statements on the record do not adequately show how N.D.C.C. § 12.1–31.2–01 was satisfied in this case. Therefore, he has failed as a matter of law to allege the specific facts or threats necessary to support his petition for a disorderly conduct restraining order.

[¶ 13] We conclude the district court abused its discretion in issuing the disorderly conduct restraining order against Larson.

IV

[¶ 14] We have considered Larson's remaining arguments and conclude they are unnecessary to our decision. We reverse the one-year disorderly conduct restraining order against Larson.

[¶ 15] Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom, S.J.

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

[¶ 16] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.