Per Curiam.
 

 [¶ 1] Jackie Huft appealed after a disorderly conduct restraining order was entered against him, prohibiting him from contacting his daughter. Jackie Huft argues there is insufficient evidence showing he engaged in any acts that adversely affected his daughter's safety, security, or privacy. We conclude the district court abused its discretion in issuing the disorderly conduct
 restraining order against Jackie Huft because the petitioner, the daughter's guardian, did not present evidence of specific acts or threats constituting disorderly conduct and the findings fail to specify reasonable grounds for a disorderly conduct restraining order under N.D.C.C. § 12.1-31-01(1). We summarily reverse the one-year disorderly conduct restraining order against Jackie Huft. N.D.R.App.P. 35.1(b) ;
 
 see
 

 Mitzel v. Larson
 
 ,
 
 2017 ND 48
 
 , ¶¶ 10-13,
 
 890 N.W.2d 817
 
 (concluding the district court abused its discretion in issuing a disorderly conduct restraining order against respondent where the district court failed to make any specific findings as to how respondent's actions affected the petitioner's safety, security, or privacy);
 
 Baker v. Mayer
 
 ,
 
 2004 ND 105
 
 , ¶¶ 16-21,
 
 680 N.W.2d 261
 
 (concluding the district court abused its discretion in ordering a disorderly conduct restraining order against respondent where petitioner failed to allege specific facts or threats that affected petitioner's safety, security, or privacy).
 

 [¶ 2] Gerald W. VandeWalle, C.J.
 

 Jon J. Jensen
 

 Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte