Tufte, Justice.
[¶ 1] R.B. appeals from a district court order granting J.B. a two-year disorderly conduct restraining order against him. Because we conclude the district court abused its discretion in granting the disorderly conduct restraining order against R.B., we reverse.
I
[¶ 2] R.B. and J.B. began dating in April 2017 when they both lived in Vermont. Each was sixteen years old at the time. J.B. and her mother, Jodie Jacobs ("Jacobs"), moved to North Dakota. Jacobs stated that she noticed a change in J.B.'s behavior after the move, including J.B. being more distant from Jacobs and spending more time on her cell phone. Jacobs attributed this change to J.B.'s relationship with R.B.
[¶ 3] Jacobs, on behalf of J.B., petitioned the district court for a disorderly conduct restraining order against R.B. The petition alleged the following events: R.B. threatening suicide, which caused J.B. to visit a counselor for three hours; R.B. stating that "J.B. is mine" to Jacobs; R.B. telling J.B. to stop posting pictures of herself smiling because he didn't want to see her happy without him; R.B. telling J.B. to not be friends with girls that smoke cigarettes because doing so would prevent her from becoming "the doctor she wanted to be"; R.B. telling J.B. to wear his ring and sweatshirt, to not speak to any guys "ever," and to disrespect Jacobs; R.B. indicating to J.B. that if she did not do what she said she was going to do, "he would possibly hurt himself"; J.B. crying and telling Jacobs that she does not want to see R.B. die; R.B. telling Jacobs that "he will not stop" and that she cannot control J.B. when she is eighteen; and R.B. sending a message to J.B.'s Snapchat account that said "bad mother alert."
[¶ 4] The district court issued a temporary restraining order. Following a hearing, the district court issued a two-year restraining order against R.B. R.B. appeals.
II
[¶ 5] R.B. argues the district court abused its discretion in granting the restraining order against him.
*689 Under N.D.C.C. § 12.1-31.2-01, the district court has discretion to grant a disorderly conduct restraining order and to conduct a hearing on a petition for an order. This Court will not reverse a district court's decision to grant a restraining order or to conduct a hearing absent an abuse of discretion. The district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination.
Hanisch v. Kroshus , 2013 ND 37, ¶ 9, 827 N.W.2d 528 (quotations and citations omitted). Disorderly conduct means "intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person." N.D.C.C. § 12.1-31.2-01(1). The district court may grant a restraining order if it finds there are "reasonable grounds to believe that the respondent has engaged in disorderly conduct." N.D.C.C. § 12.1-31.2-01(5)(d). Reasonable grounds is synonymous with probable cause. Tibor v. Lund , 1999 ND 176, ¶ 7, 599 N.W.2d 301.
[¶ 6] A petition for relief must allege facts sufficient to show that an individual engaged in disorderly conduct. N.D.C.C. § 12.1-31.2-01(3) ; see also Mitzel v. Larson , 2017 ND 48, ¶ 12, 890 N.W.2d 817 (failing to allege specific facts or threats requires denying the petition, as a matter of law). To protect the respondent's right to due process, the contents of the sworn petition and any accompanying affidavit limit the issues the petitioner may testify to at the hearing. Holbach v. Dixon , 2007 ND 60, ¶ 7, 730 N.W.2d 613 ; Cusey v. Nagel , 2005 ND 84, ¶ 14, 695 N.W.2d 697. The most a petitioner may establish at the hearing is thus the full scope of allegations in the petition. The petition must be denied if, within the four corners of the petition and any accompanying affidavit, it does not establish a prima facie case for granting the restraining order.
[¶ 7] R.B. argues that the petition lacked reasonable grounds showing that he engaged in "intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy" of J.B. N.D.C.C. § 12.1-31.2-01(1). We have stated that "[i]t is not enough under the statute that the petitioner for a restraining order wants the other person out of the petitioner's life." Cusey , 2005 ND 84, ¶ 13, 695 N.W.2d 697. "Subjective fear is insufficient to support a disorderly conduct restraining order." Id. at ¶ 7.
[¶ 8] In Skadberg v. Skadberg , we concluded that reasonable grounds existed for the issuance of a disorderly conduct restraining order. 2002 ND 97, ¶ 18, 644 N.W.2d 873. The affidavit accompanying the petition stated that the petitioner was receiving phone calls from the respondent "at all hours of the day and night with very obscene language and name calling." Id. at ¶ 7. Further, the respondent was harassing her about a tax rebate from the IRS, by "threatening to tell the IRS that [petitioner] forged his signature on an IRS return," and about her personal life. Id. In Hanisch v. Kroshus , the petitioner
established through her sworn petition and testimony at the hearing that [respondent] had sent her the harassing text messages and pictures of her genitals and other private parts of her body, at least some taken without her consent, via text message to her. She also established that in at least one message [respondent] threatened to put some pictures on an internet website.
2013 ND 37, ¶ 14, 827 N.W.2d 528. We concluded the district court did not abuse its discretion by granting a restraining order because the text messages were intended *690 to adversely affect the petitioner's "safety, security, and, in particular, intrude on her privacy." Id. at ¶ 15.
[¶ 9] As outlined above, the allegations in the petition included R.B. threatening suicide, which caused J.B. to visit a counselor for three hours, R.B. telling J.B. that "he would possibly hurt himself" if she didn't do what he instructed her to do, and R.B. telling J.B. to not speak to any guys. R.B. has not provided a transcript as required by N.D.R.App.P. 10(b)(1). Without a transcript, we do not know what testimony the district court heard or what oral findings it may have made. The appellant who fails to provide a transcript assumes the risk and consequences of his failure, and we resolve any ambiguity that could be resolved by a transcript against the appellant. We can provide meaningful review only by presuming that the petitioner and appellee established at the hearing every fact alleged in the petition.
[¶ 10] Taking every allegation in the petition as true, there are no reasonable grounds to believe R.B. engaged in disorderly conduct. The petition did not allege R.B. threatened J.B. with violence, nor did it state J.B. or Jacobs were fearful for J.B.'s safety or security. It did not allege threats that could have adverse legal consequences, as in Skadberg , or privacy concerns, as in Hanisch . Instead, the petition focused on R.B.'s manipulation of J.B. and his disrespectful behavior toward Jacobs. This is not enough under Cusey , which requires more than wanting an individual out of one's life. Further, section 12.1-31.2-01(1), N.D.C.C., requires R.B. to have intended to adversely affect J.B.'s safety, security, or privacy. The petition did not allege that this was R.B.'s intention or provide any evidence indicating he acted with this intention or continued to act knowing this was the result. See Mitzel , 2017 ND 48, ¶ 9, 890 N.W.2d 817 (stating that "[i]t is not enough to show the respondent's actions are unwanted; rather, the petitioner must show specific unwanted acts that are intended to affect the safety, security, or privacy of another person").
III
[¶ 11] The district court abused its discretion by granting a disorderly conduct restraining order on the basis that there were reasonable grounds to believe R.B. engaged in disorderly conduct. We reverse the two-year disorderly conduct restraining order against R.B.
[¶ 12] Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Gerald W. VandeWalle, C.J.