Per Curiam.
[¶ 1] Jerry Waide appealed from a district court disorderly conduct restraining order issued against him. We summarily affirm under N.D.R.App.P. 35.1(a)(4).
[¶ 2] In April 2018, Kenneth McGath petitioned for a disorderly conduct restraining order against Waide. McGath alleged Waide followed him in a grocery store, made physical contact with him, and verbally harassed him outside the store. After an evidentiary hearing, the district court issued a one-year disorderly conduct restraining order prohibiting Waide from having contact with McGath. On appeal, Waide argues the court erred by issuing a restraining order against him. He argues McGath's testimony at the evidentiary hearing was false. See Smestad v. Harris , 2011 ND 91, ¶ 6, 796 N.W.2d 662 (stating this Court does not second-guess the district court's credibility findings in cases of conflicting testimony).
[¶ 3] Waide did not file a transcript of the evidentiary hearing as required by N.D.R.App.P. 10(b)(1). An appellant assumes the consequences and the risks for failing to file a transcript. Koenig v. Schuh , 2016 ND 252, ¶ 13, 888 N.W.2d 385. "We can provide meaningful review only by presuming that [McGath] established at the hearing every fact alleged in the petition." J.B. v. R.B. , 2018 ND 83, ¶ 9, 908 N.W.2d 687. Taking every allegation in the petition as true, we conclude there are reasonable grounds to believe Waide engaged in disorderly conduct. The district court did not abuse its discretion in issuing a one-year disorderly conduct restraining order against Waide. We summarily affirm under N.D.R.App.P. 35.1(a)(4).
[¶ 4] Gerald W. VandeWalle, C.J.
Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen