# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 203

In the Matter of the Michael J. Tharaldson Irrevocable Trust II dated October 3, 2011

| | |
|---|---|
| Bell Bank, Trustee, | Petitioner and Appellee |
| v. | |
| Matthew D. Tharaldson, | |
| Michelle Tharaldson LeMaster, | Respondents and Appellees |
| and | |
| E.M., through his guardian, | |
| Mark McAllister, | Interested Party and Appellant |

### No. 20210139

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven E. McCullough, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Berly D. Nelson (argued) and Timothy G. Richard (on brief), Fargo, ND, for petitioner and appellee.

Jonathan T. Garaas, Fargo, ND, for interested party and appellant.

Beverley L. Adams (argued) and Fred J. Williams (on brief), Fargo, ND, for respondent and appellee Matthew D. Tharaldson.

# Matter of Michael J. Tharaldson Trust
## No. 20210139

**Crothers, Justice.**

[¶1]   E.M. appeals from a district court order determining beneficiaries and approving distribution of trust assets. E.M. argues the district court did not have jurisdiction and erred in denying his demand for change of judge. E.M. also argues the district court erred in interpreting the trust terms. We reverse and remand.

I

[¶2]   Michael J. Tharaldson executed an "Irrevocable Trust Agreement" on February 14, 2007. The trust named State Bank & Trust, now known as Bell Bank, as trustee. On October 3, 2011, Tharaldson executed an "Irrevocable Trust Agreement II" and merged assets from the first trust into the second trust.

[¶3]   Tharaldson died intestate on December 11, 2017. On June 28, 2019, Bell Bank filed a petition seeking the district court's determination of trust beneficiaries and approval of asset distribution. Bell Bank claimed the sole beneficiary was Tharaldson's brother, Matthew Tharaldson.

[¶4]   Tharaldson had three biological children. Bell Bank mailed its petition, proposed order, and notice of hearing to the two adult children. Bell Bank sent the documents via email to the attorney representing Tharaldson's minor child, E.M., in the separate probate action.

[¶5] On August 8, 2019, E.M. filed in this action an "Objection to Proceedings," claiming the district court lacked jurisdiction to proceed and requesting affirmative relief "if jurisdiction is ever acquired." On August 30, 2019, E.M. filed a "Continued Objection to Proceedings," again arguing the district court lacked subject matter and personal jurisdiction and requesting affirmative relief "[i]f the above-entitled matter is ever initiated by the Trustee, through proper service of process."

[¶6]   At the petition hearing on September 4, 2019, the district court directed Bell Bank to personally serve E.M. Bell Bank made personal service on E.M.'s guardian on September 30, 2019.

[¶7]   On October 2, 2019, E.M. filed a demand for change of judge. The presiding judge of the district denied E.M.'s demand as untimely. On October 11, 2019, E.M. filed a renewed demand that included allegations of the assigned judge's bias. The presiding judge denied the renewed demand because the first demand was untimely. The assigned judge did not address the bias allegations. *See Chisholm v. State*, 2019 ND 70, ¶ 16, 924 N.W.2d 127 (holding a request for recusal based on bias should be determined by the judge assigned to the case).

[¶8]   On April 22, 2021, the district court entered an order granting Bell Bank's petition. The district court found the language of the trust was not ambiguous, Tharaldson died intestate, and Matthew Tharaldson was the sole beneficiary of the trust, entitling him to distribution of all trust assets.

## II

[¶9]   E.M. argues the district court was without jurisdiction to act. This Court reviews jurisdiction *de novo*. *In re Estate of Brandt*, 2019 ND 87, ¶ 18, 924 N.W.2d 762.

## A

[¶10] "Subject-matter jurisdiction is the court's power to hear and determine the general subject involved in the action[.]" *In re Estate of Finstrom*, 2020 ND 227, ¶ 30, 950 N.W.2d 401 (quoting *Albrecht v. Metro Area Ambulance*, 1998 ND 132, ¶ 10, 580 N.W.2d 583).

[¶11] The Uniform Probate Code and the North Dakota Uniform Trust Code provide the district court with subject-matter jurisdiction. "The district court has jurisdiction over all subject matter relating to . . . Trusts." N.D.C.C. § 30.1-02-02(4). "A judicial proceeding involving a trust may relate to any matter involving the trust's administration, including a request for instructions and an action to declare rights." N.D.C.C. § 59-10-01(3).

2

[¶12] Bell Bank filed a petition seeking determination of trust beneficiaries and approval to distribute assets. Thus, the district court had subject matter jurisdiction over the action.

B

[¶13] Personal jurisdiction is "the court's power over a party." *Estate of Finstrom*, 2020 ND 227, ¶ 30. A district court acquires personal jurisdiction through valid service of process. *See Olsrud v. Bismarck-Mandan Orchestral Ass'n*, 2007 ND 91, ¶ 9, 733 N.W.2d 256. "Absent valid service of process, even actual knowledge of the existence of a lawsuit is insufficient to effectuate personal jurisdiction over a defendant." *Id.*

[¶14] Bell Bank and Matthew Tharaldson argue email service on E.M.'s attorney in the probate matter was sufficient under N.D.C.C. § 30.1-03-01, which allows notice to an interested person's attorney if the interested person has appeared by counsel. However, here E.M.'s attorney had not yet appeared on E.M.'s behalf in this trust action when Bell Bank emailed the documents to him. Notice to or service on E.M.'s attorney prior to E.M.'s or the attorney's appearance in this action was inadequate service under N.D.C.C. § 30.1-03-01 since E.M. had not yet appeared by counsel in this matter.

[¶15] Bell Bank and Matthew Tharaldson argue E.M. voluntarily appeared in the trust action and waived the personal jurisdiction objection because his attorney filed responsive documents and appeared at the hearing prior to service on E.M. "A party may waive a personal jurisdiction argument by voluntarily submitting to the personal jurisdiction of the court." *Mitzel v. Larson*, 2017 ND 48, ¶ 5, 890 N.W.2d 817. In *Mitzel*, this Court concluded personal jurisdiction was waived because the party appeared at a hearing without objecting to service. *Id.* Here, E.M.'s attorney objected to service in his court filings and at the hearing. E.M. did not waive his personal jurisdiction argument.

[¶16] In addition to commencing an action by notice under N.D.C.C. § 30.1-03-01, service of the petition could have been accomplished under N.D.R.Civ.P. 4. That rule deals with jurisdiction over a person, process, and personal service,

and allows personal service on an individual's agent. In this case, E.M.'s guardian was personally served on September 30, 2019. The North Dakota Uniform Trust Code states that notice to a person who represents another has the same effect as if notice were given directly to the other person. N.D.C.C. § 59-11-01. A parent may represent the parent's minor child if a guardian has not been appointed. N.D.C.C. § 59-11-03(6). Similarly, a guardian may represent a ward if a conservator has not been appointed. N.D.C.C. § 59-11-03(2). Here, service was on E.M.'s guardian. Therefore, the district court acquired personal jurisdiction over E.M. when his guardian was served on September 30, 2019.

## III

[¶17] E.M. argues the district court erred by denying his demand for change of judge as untimely.

[¶18] Any party to a civil action pending in district court may obtain a change of judge within ten days of the earliest occurrence of the following:

> "a. The date of the notice of assignment or reassignment of a judge for trial of the case;
> b. The date of notice that a trial has been scheduled; or
> c. The date of service of any ex parte order in the case signed by the judge against whom the demand is filed."

N.D.C.C. § 29-15-21(1)-(2). A party added to the proceeding after the above occurrences can file a demand within ten days of being added. N.D.C.C. § 29-15-21(3). However, "no demand for a change of judge may be made after the judge sought to be disqualified has ruled upon any matter pertaining to the action or proceeding in which the demanding party was heard or had an opportunity to be heard." *Id.*

[¶19] Here, E.M., through his attorney, appeared at the September 4, 2019 hearing and argued the district court lacked jurisdiction over E.M. However, the assigned judge did not rule on any matter. The hearing established the need for service on E.M. As concluded above, E.M. was properly served and joined this action on September 30, 2019. E.M. filed his demand for change of

4

judge on October 2, 2019. Therefore, E.M.'s demand was within ten days and the district court erred in denying his demand for change of judge.

## IV

[¶20] E.M. argues the district court erred in granting Bell Bank's petition. He claims the merger of assets from the first trust to the second trust was invalid. E.M. also claims the trust designates E.M. and his siblings as the only beneficiaries, entitling them to share in the trust assets, and entitling E.M. to recover attorney's fees. Bell Bank and Matthew Tharaldson argue collateral estoppel bars relitigation of E.M.'s claims in this case because of the district court's findings about E.M.'s status as an heir in the Tharaldson probate case.

[¶21] After a timely demand for change of judge, the assigned judge "shall proceed no further or take any action in the action or proceeding and is thereafter disqualified from doing any further act in the cause unless the demand is invalidated by the presiding judge." N.D.C.C. § 29-15-21(6). Here, the presiding judge erroneously invalidated the demand for change of judge. But for the presiding judge's erroneous order, the assigned judge was without authority to rule on the merits. Therefore, the final order was not properly entered and we decline to reach issues that have not been properly considered by the district court.

## V

[¶22] The district court's order denying E.M.'s demand for change of judge is reversed and the order granting the petition is vacated. This case is remanded for assignment of a new judge and for proceedings anew on the merits of the petition.

[¶23] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Jerod E. Tufte
     Allan L. Schmalenberger, S.J.

[¶24] The Honorable Allan L. Schmalenberger, S.J., sitting in place of McEvers, J., disqualified.