McEvers, Justice.
[¶ 1] Kenneth Ndumbe Ngale appeals from a judgment entered after he conditionally pled guilty to actual physical control of a motor vehicle. He argues the district court erred in denying his motion to suppress because he was seized and arrested by a person who was not a licensed law enforcement officer and did not have authority to investigate and arrest. We affirm.
I
[¶ 2] On January 7, 2017, Craig Keller, a volunteer reserve deputy for the Cass County Sheriff's Office, was on patrol and saw a running vehicle in the ditch with two male occupants. Keller stopped his squad car to conduct a motorist assist and to check on the occupants' welfare. Keller approached the vehicle and Ndumbe Ngale exited from the driver's door. After speaking to Ndumbe Ngale, Keller noted a strong odor of alcohol emanating from Ndumbe Ngale's breath, he had trouble keeping his balance, and he admitted he consumed alcohol earlier that evening. Keller contacted dispatch to request assistance and Cass County Sheriff's Deputy Chad Thompson arrived at the scene. Keller administered three field sobriety tests, two of which Ndumbe Ngale failed. Keller asked Ndumbe Ngale to submit to a preliminary breath test. Keller testified Ndumbe Ngale initially attempted to "trick" the machine by giving a partial breath and then pretending to blow, and he was unable to obtain an adequate sample. Deputy Thompson then advised Keller to attempt another test using the manual capture technique. Keller administered the preliminary breath test again, and the test indicated a blood alcohol concentration of 0.118 percent. Keller arrested Ndumbe Ngale for actual physical control of a motor vehicle. Ndumbe Ngale was transported to the Cass County Jail. At the jail, Deputy Thompson requested Ndumbe Ngale submit to a chemical test and Ndumbe Ngale refused. Ndumbe Ngale was charged with actual physical control of a motor vehicle and refusal to submit to a chemical test.
[¶ 3] Ndumbe Ngale moved to suppress all evidence obtained after his seizure. He claimed the seizure was unlawful because Keller is an unlicensed peace officer with no field sobriety training, an individual may not perform peace officer duties without a license under state law, and Keller lacked probable cause to arrest him based on Keller's lack of DUI detection and field sobriety training. The State opposed the motion.
[¶ 4] After a hearing, the district court denied Ndumbe Ngale's motion. The court found Keller is a reserve deputy, as a reserve deputy Keller is exempt from statutory licensing requirements, and Keller *497 had probable cause to arrest Ndumbe Ngale for actual physical control.
[¶ 5] Ndumbe Ngale conditionally pled guilty to the charge of actual physical control, and reserved the right to appeal the court's decision denying his motion to suppress. The charge of refusal to submit to chemical testing was dismissed.
II
[¶ 6] Ndumbe Ngale argues the district court erred by denying his motion to suppress. He claims N.D.C.C. § 12-63-02 requires a person performing peace officer law enforcement duties to be licensed, Keller is not a licensed law enforcement officer, and therefore Keller did not have authority to investigate and arrest him.
[¶ 7] The district court denied Ndumbe Ngale's motion to suppress. The court concluded the officer licensing requirement under N.D.C.C. § 12-63-02 does not apply in this case because Keller meets the exception under N.D.C.C. § 12-63-03(2) for reserve officers who are not salaried and have full arrest authority. The court found Keller is not formally trained in DUI investigations, but evidence established he is competent and authorized to conduct an investigation. The court concluded Keller is not a special deputy because he does not meet the requirements for a special deputy under N.D.C.C. § 11-15-02, and he is a reserve deputy exempt from the licensing requirement under N.D.C.C. § 12-63-03(2). The court also rejected Ndumbe Ngale's arguments that Keller failed to satisfy the Cass County Sheriff's Office Reserve Unit minimum requirements as specified on the sheriff's office website. The court said the website does not show what the requirements were when Keller was sworn into the reserve unit, and there was no evidence he did not then meet the requirements for the reserve unit.
[¶ 8] In reviewing a district court's decision on a motion to suppress, this Court gives deference to the district court's findings of fact and resolves conflicts in testimony in favor of affirmance. State v. Broom , 2018 ND 135, ¶ 6, 911 N.W.2d 895. The court's findings of fact will not be reversed on appeal if there is sufficient competent evidence fairly capable of supporting the findings. Id. Questions of law are fully reviewable, and whether a finding of fact meets a legal standard is a question of law. Id.
[¶ 9] Chapter 12-63, N.D.C.C., governs peace officer training and licensing. Section 12-63-02, N.D.C.C., states, "An individual may not perform peace officer law enforcement duties in this state unless the individual is licensed as required in this chapter." A "peace officer" is "a public servant authorized by law or by government agency or branch to enforce the law and to conduct or engage in investigations of violations of the law." N.D.C.C. § 12-63-01(3). Section 12-63-03, N.D.C.C., provides exceptions to the licensing requirement, stating:
This chapter does not prevent or restrict the practice of peace officer duties or activities of:
1. Auxiliary personnel such as members of organized groups for purposes such as posse, search and rescue, and security at dances, if the group operates as adjunct to the police or sheriff's department, and does not have arrest powers or peace officer authority delegated to its members by the department.
2. A reserve officer such as an individual used by a municipal, county, or state law enforcement agency to provide services to that jurisdiction on a nonsalaried basis *498 and who is granted full arrest authority.
[¶ 10] The primary objective in interpreting statutes is to determine legislative intent, as that intent is expressed in the language of the statute. State v. Brown , 2018 ND 31, ¶ 18, 906 N.W.2d 120. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless contrary intention plainly appears. N.D.C.C. § 1-02-02 ; see also Brown , at ¶ 18. "Whenever a general provision in a statute is in conflict with a special provision in the same or in another statute, the two must be construed, if possible, so that effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable the special provision must prevail and must be construed as an exception to the general provision[.]" N.D.C.C. § 1-02-07.
[¶ 11] Section 12-63-02, N.D.C.C., requires individuals performing peace officer law enforcement duties to be licensed; however, N.D.C.C. § 12-63-03 provides exceptions to the licensing requirement, including stating the chapter does not prevent or restrict the peace officer duties of reserve officers. Under the plain language of N.D.C.C. § 12-63-03, an individual who is a reserve officer is not required to be licensed in this state to perform peace officer law enforcement duties. Section 12-63-03(2), N.D.C.C., defines a "reserve officer" to include an individual used by a municipal, county, or state law enforcement agency to provide services to that jurisdiction on a non-salaried basis and who is granted full arrest authority. "Non-" means "not, other than, reverse of, absence of." Merriam-Webster's Collegiate Dictionary 841 (11th ed. 2005). "Salaried" means "fixed compensation paid regularly for services." Id. at 1097. Reading the provisions of N.D.C.C. ch. 12-63 together and giving the words in the statutes their commonly understood meaning, we conclude a county sheriff's reserve deputy who does not receive fixed compensation paid regularly for services and has full arrest authority is not required to be licensed under N.D.C.C. ch. 12-63.
[¶ 12] The district court found Keller is a reserve deputy as defined by N.D.C.C. § 12-63-03(2), and the evidence supports the court's findings. Keller testified he is a reserve deputy for the Cass County Sheriff's Office and he is FRT trained and is certified to go out on the road to patrol like a full-time deputy. He testified he became a reserve deputy after completing the citizen's academy, completing background and psychological exams, completing FRT training, patrolling with a field training officer, and attending continuing education to meet the same standards as full-time deputies. He testified he is locally trained on the administration of standard field sobriety tests, including the horizontal gaze nystagmus (HGN), the walk-and-turn, and the one-legged-stand. He testified he was trained to administer the Alco-Sensor preliminary breath test. He testified he was sworn in as a reserve deputy and he is deputized to perform all of the same functions as full-time deputies. He testified that he is a volunteer and that he does not get paid. He testified he has his own uniform and badge, and he patrols in a patrol vehicle assigned for reserve deputy use. Keller testified that he has been working as a reserve deputy for almost three years and that he patrols once a week for about 8 hours at a time. He testified he is not accompanied by a licensed officer when he patrols and he is on his own like a full-time deputy. The evidence supports the district court's findings that Keller is a reserve officer used by the Cass County Sheriff's Office to provide services on a non-salaried basis and he has full arrest authority.
*499 [¶ 13] Ndumbe Ngale argues Keller must meet the requirements for special deputies under N.D.C.C. § 11-15-02 to be exempt from licensing requirements under N.D.C.C. § 12-63-03(2). He claims a sheriff only has authority to appoint special deputies and there is no other statute or authority that supports the sheriff having authority to appoint volunteer reserve deputies. He contends Keller does not meet the requirements for a special deputy because he is a volunteer and is not compensated for his services.
[¶ 14] A sheriff has authority to appoint special deputies under N.D.C.C. § 11-15-02, which provides:
The sheriff may appoint and qualify special deputies in such numbers as are required by the conditions. Each special deputy shall receive compensation for services rendered and the same mileage allowance as regular deputies, which must be paid by the county within the limits of funds budgeted for such purpose. The sheriff shall have the sole power of appointing special deputies and may remove them at pleasure.
This Court has previously held "a special deputy is one who is appointed by the sheriff to exercise special functions for the purpose of either assisting the sheriff or other deputies when they are in need, or acting in their place when they are unavailable." State v. Beilke , 489 N.W.2d 589, 592 (N.D. 1992). In Beilke , at 594, this Court held a sheriff may appoint a municipal police officer as a permanent "special deputy" under N.D.C.C. § 11-15-02 to act when regular deputies are unavailable or understaffed, noting a sheriff may not always be able to provide adequate law enforcement services in large and sparsely populated rural counties without the aid of municipal police officers. This Court has not addressed whether a special deputy is exempt from licensing requirements under N.D.C.C. § 12-63-03, and we need not address that issue in this case.
[¶ 15] The State agrees Keller does not serve as a "special deputy" as defined by N.D.C.C. § 11-15-02. Keller is not a special deputy; rather, he is a reserve deputy. A county sheriff has the authority to appoint reserve deputies in addition to special deputies. Under N.D.C.C. § 11-15-03(5), a sheriff has the authority to "[c]ommand the aid of as many inhabitants of the county as the sheriff may think necessary in the execution of the sheriff's duties." Section 12-63-03(2), N.D.C.C., states reserve officers include individuals used by a county law enforcement agency to provide services to that jurisdiction on a non-salaried basis. When construed together, we conclude those statutes authorize the sheriff to appoint reserve deputies. Keller meets the statutory definition of a reserve officer and he is not required to satisfy the requirements for special deputies under N.D.C.C. § 11-15-02 to be exempt from licensing requirements.
[¶ 16] Ndumbe Ngale argues Keller's qualifications and duties do not satisfy the Cass County Sheriff Reserve Program's minimum requirements to be a reserve deputy. He claims the reserve program's website states each reserve deputy applicant must complete a course of study accredited by the North Dakota Peace Officer Standards and Training Board, but there was no evidence Keller completed a course. However, there is no evidence in the record of the reserve program's minimum requirements at the time Keller was sworn in as a reserve deputy. The defendant has the initial burden of establishing a prima facie case the evidence he wants suppressed was illegally seized. State v. Williams , 2016 ND 132, ¶ 8, 881 N.W.2d 618. Evidence established that Keller was sworn in as a reserve deputy and that he has been a reserve deputy for approximately *500 three years. Ndumbe Ngale did not present any evidence showing what the minimum requirements were when Keller was sworn in as a reserve deputy and that Keller did not meet those requirements. He also did not present any evidence that Keller does not meet the current requirements.
[¶ 17] Evidence established Keller is a "reserve officer" under N.D.C.C. § 12-63-03(2), and therefore he is exempt from statutory licensing requirements. Keller had authority to investigate and arrest Ndumbe Ngale. The arrest was supported by probable cause. The evidence supports the district court's findings, and we conclude the district court did not err in denying Ndumbe Ngale's motion to suppress.
[¶ 18] Ndumbe Ngale argues that a reserve officer should be limited to a secondary role, because reserves are not fully trained as licensed peace officers. Although this argument may have some merit, it is more appropriately addressed to the legislature, not the judiciary. "This Court's function is to interpret the statute as written by the legislature, and '[t]he justice, wisdom, necessity, utility and expediency of legislation are questions for legislative, and not for judicial determination.' " In re Mangelsen , 2014 ND 31, ¶ 19, 843 N.W.2d 8 (citations omitted).
III
[¶ 19] It is unnecessary to address other arguments made by Ndumbe Ngale because they are either unnecessary to our decision or are without merit. We affirm the judgment.
[¶ 20] Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.